1  James Gibson (Va. Bar No. 41469)
   JAMES GIBSON PLLC
2  1926 Hickoryridge Road
   Richmond, Virginia 23238
3  Telephone: (804) 287-6398
   Facsimile:  (804) 289-8683
4  Email: jgibson@richmond.edu

5  Christopher Sprigman (*pro hac vice* application forthcoming)
   UNIVERSITY OF VIRGINIA
6  SCHOOL OF LAW
   580 Massie Road
7  Charlottesville, Virginia 22903-1789
   Telephone: (434) 924-6331
8  Facsimile:  (434) 924-7536
   Email: sprigman@virginia.edu
9
10 Attorneys for Plaintiff

                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF VIRGINIA
                        RICHMOND DIVISION

SEGONE, Inc.,                        Case No. 3:07CV342

        Plaintiff,                   **COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

    v.

FOX BROADCASTING COMPANY,

        Defendant.

COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF
- 1 -

Dockets.Justia.com

Plaintiff segOne, Inc. ("segOne"), by and through its attorneys, brings this action and alleges against Defendant Fox Broadcasting Company ("Fox") as follows:

## STATEMENT OF JURISDICTION

1. This is a civil action seeking declaratory relief arising out of a dispute and controversy between Plaintiff and Defendant relating to the Copyright Act, 17 U.S.C. § 101 *et seq.* This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), which give the U.S. District Courts jurisdiction, respectively, in any civil action arising under the laws of the United States, and any civil action arising under an Act of Congress relating to patents, copyrights and trademarks. This Court also has jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(c).

## THE DEVICE AT ISSUE

3. Plaintiff segOne manufactures and distributes an electronic device (the "segOne Device") that attaches to a television and to a wire carrying a television signal (which may be delivered via an over-the-air broadcast, or via a cable or satellite television provider) and detects when the television signal stops transmitting a television program and begins transmitting an advertisement.

4. Upon detecting such a transition, the segOne Device causes the attached television to switch to another input for a period of up to two minutes. During that period, the segOne Device causes different material, stored within the segOne Device, to display over that input on the attached television. At the end of the period, the segOne Device causes the attached television to switch back to the input carrying the cable, satellite or over-the-air programming.

5. Thus, instead of seeing the commercials playing on the cable, satellite, or over-the-air feed during those two minutes, viewers see advertising material or other alternative content supplied either by segOne or by the particular establishment that has contracted for the use of the segOne Device.

6. The advertising and other materials displayed to the viewers are targeted to the specific interests of viewers in the particular establishment utilizing the segOne Device. The purpose and effect of the segOne Device is to increase the relevance, effectiveness, and, as a consequence, the value, of programming shown to persons viewing television in establishments such as bars, health clubs, car dealerships, etc. In each of these settings, the presence of the viewer provides useful information about

that viewer's interests, and also about the type of advertising and programming likely to be of interest to that viewer.

## PARTIES

7. Plaintiff segOne, Inc. is a corporation organized and existing under the laws of the state of Delaware.

8. Plaintiff segOne has marketed the segOne Device nationwide, including within the Commonwealth of Virginia and in this judicial district. Plaintiff segOne has contracted to supply the segOne Device to entities that do business in the Commonwealth of Virginia and in this judicial district, including nationwide truck stop operator Flying J, Inc., and major health club operator L.A. Fitness. Both Flying J and L.A. Fitness operate facilities within the Commonwealth and this judicial district.

9. Upon information and belief, Defendant Fox Broadcasting Company ("Fox") is a corporation organized and existing under the laws of the state of Delaware.

10. Defendant Fox is a television production and broadcasting network. Fox produces television programming and distributes that programming through a nationwide network of affiliate television stations that broadcast their signals over the air, including several affiliate stations located in this judicial district. In addition, Fox distributes its programming through agreements with cable television distributors, such as Comcast Corporation and Cox Communications, and satellite television distributors, such as EchoStar Communications. Fox distributes its programming through several cable and satellite television providers that provide service to commercial and residential customers located in this judicial district, including Cavalier Telephone and TV, a cable television provider headquartered in Richmond, Virginia that distributes Fox programming including Fox News Channel, FX (a Fox channel offering entertainment and sports programming), Fox Movie Channel, National Geographic Channel, and WRLH-TV (the Richmond, Virginia Fox affiliate).

## THE CURRENT CONTROVERSY

11. A dispute has arisen between Plaintiff segOne and Defendant Fox because Defendant has asserted that use of the segOne Device infringes the copyrights on Defendant's television programming. Defendant Fox acted on this belief by filing a lawsuit against a segOne customer, Flying J, Inc., in federal court in New York ("the Flying J Suit").

12. Flying J, a nationwide operator of truck stops, installed and used the segOne Device in a number of its locations, including locations within the Commonwealth of Virginia and this judicial district.

13. In the Flying J Suit, Fox and other broadcast networks alleged that Flying J's use of the segOne Device violated the federal Copyright Act, 17 U.S.C. § 101 *et seq.* Fox also alleged state unfair competition claims in the lawsuit, although the state law claims were dismissed with prejudice. segOne understands that the parties to the Flying J Suit have recently reached a settlement.

14. As a result of the Flying J Suit, Flying J has discontinued use of the segOne Device, thereby depriving segOne of substantial revenues that would have arisen from segOne's contract with Flying J—revenues that would have accrued, in part, as a result of Flying J's operation of the segOne Device in the Commonwealth of Virginia and in this judicial district.

15. Use of the segOne Device does not infringe Fox's copyrights. Put simply, the segOne Device is nothing more than a fancy remote control. Just as a viewer may use a television remote to change from a television program to content playing on a DVD player or a digital video recorder (DVR) such as TiVo, the segOne Device uses a robot to automatically switch from television programming to content stored in the segOne Device.

16. *The segOne Device does not create a copy of Fox's programming. Nor does the segOne Device alter, perform, display, or retransmit Fox's programming in any way.* The segOne Device simply causes an attached television to display one program rather than another—an activity about which Plaintiff segOne believes the copyright laws have nothing to say.

17. Based on the foregoing, there is an immediate, concrete dispute between segOne and Fox that is ripe for resolution by this Court. Fox claims copyrights on its television programming, and has asserted, along with other network plaintiffs in the Flying J litigation, that use of the segOne device infringes the copyrights on these programs unless that use is authorized by Fox. Plaintiff segOne believes use of the segOne Device does not require Fox's authorization. Based on the existence of this clear and concrete legal dispute, on the federal copyright claim alleged in Fox's lawsuit against segOne's customer Flying J, on statements made by Fox in the Flying J Suit complaint that use of the segOne Device causes copyright infringement, and on segOne's information and belief that the plaintiffs

in the Flying J Suit (including Fox), or their agents, have threatened other actual or potential segOne clients that use of the segOne Device causes copyright infringement, segOne expects that it will soon be targeted for a copyright lawsuit and further is informed and believes that it has suffered and will continue to suffer substantial chilling of its business opportunities based on Fox's conduct.

18. In light of the current dispute between segOne and Fox and segOne's reasonable fear of substantial copyright liability, and because of the chilling effect of the threats of such alleged liability on segOne's customer base, Plaintiff segOne has discontinued the distribution of the segOne Device in the United States. Fox's copyright lawsuit has therefore caused, and was intended to cause, segOne to fear copyright liability and on that basis to cease distribution of the segOne Device, and therefore to suffer substantial commercial harm.

19. Accordingly, there is an actual, ripe controversy between the parties for this Court to resolve in accordance with 28 U.S.C. § 2201 and Fed.R.Civ.P. 57.

20. Plaintiff segOne seeks from this Court a declaration of its rights in this dispute—in particular, a declaration that use of the segOne Device, in conjunction with Fox programming, does not infringe Fox's copyrights.

WHEREFORE, Plaintiff segOne respectfully requests that the Court enter an Order as follows:

1. A judgment declaring that use of the segOne Device, in conjunction with Fox programming, does not infringe Fox's copyrights under the federal Copyright Act, 17 U.S.C. § 101 *et seq.*

2. For an award of Plaintiff's costs and attorneys' fees incurred in this action; and

3. For such other and further relief as the Court deems just and proper.

Dated: June 12, 2007

By: _____
James Gibson
*Attorney for Plaintiff*
SEGONE, INC.