## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| SEGONE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No. 3:07cv342-JRS |
| | ) |
| FOX BROADCASTING COMPANY, | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

## <u>DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS</u>

## <u>MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION</u>

Paul B. Gaffney
Jessamyn S. Berniker
Michael T. Morley
WILLIAMS & CONNOLLY LLP
725 12th Street, N.W.
Washington, D.C. 20005
(202) 434-5000

Robert M. Tyler
MCGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA  23219
(804) 775-1000

*Attorneys for Defendant*

Dockets.Justia.com

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................... 1

BACKGROUND ................................................................................................................. 2

      A.     The segOne Device. ............................................................................... 3

      B.     The Flying J Lawsuit in New York. ....................................................... 3

            1.     The Complaint. ........................................................................... 3

            2.     Flying J's Motion To Dismiss. .................................................... 5

      C.     The LA Fitness Lawsuit In California. ................................................... 6

ARGUMENT ...................................................................................................................... 8

I.      THIS CASE DOES NOT PRESENT AN "ACTUAL CONTROVERSY." ..................... 8

      A.     There Is No "Actual Controversy" Between segOne and Fox. ............. 9

            1.     SegOne's Own Purported Fear of Liability Does Not Create a Case or Controversy. ................................................................. 9

            2.     Liability Concerns of Prospective Customers Do Not Create a Case or Controversy. ............................................................... 14

      B.     SegOne Lacks Standing. ...................................................................... 17

      C.     SegOne's Allegations Are Not Concrete and Definite. ....................... 20

II.     THIS COURT SHOULD DECLINE JURISDICTION AS A MATTER OF DISCRETION. ............................................................................................... 21

      A.     SegOne Should Not Be Permitted To Relitigate the *Flying J* and *LA Fitness* Cases ................................................................................. 23

      B.     A Declaratory Judgment Would Not Resolve Any Uncertainty. ......... 24

      C.     A Declaratory Judgment Would Lead to Piecemeal Litigation. .......... 24

CONCLUSION ................................................................................................................. 25

## TABLE OF AUTHORITIES

### FEDERAL CASES

*ABC, Inc. v. Flying J., Inc.*, No. 06 Civ. 2967, 2007 U.S. Dist. LEXIS 13252
    (S.D.N.Y. Feb. 22, 2007) ................................................................................4, 5, 6, 18

*Aetna Casualty & Surety Co. v. Ind-Com Electric Co.*, 139 F.3d 419 (4th Cir. 1998) ............... 22

*Aetna Casualty & Surety Co. v. Quarles*, 92 F.2d 321 (4th Cir. 1937)................................21, 22

*Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227 (1937) ...............................................8, 9, 20

*Aralac, Inc. v. Hat Corp. of America*, 166 F.2d 286 (3d Cir. 1948) ....................................12, 13

*Bord v. Banco de Chile*, 205 F. Supp. 2d 521 (E.D. Va. 2002) .................................................. 19

*Burke v. City of Charleston*, 139 F.3d 401 (4th Cir. 1998) ....................................................... 17

*CAE Screenplates, Inc. v. Beloit Corp.*, 957 F. Supp. 784 (E.D. Va. 1997)...........................2, 10

*C. Van Der Lely N.V. v. F. Iii Maschio S.n.c.*, 561 F. Supp. 16 (S.D. Ohio 1982)..................... 14

*Centennial Life Insurance Co. v. Poston*, 88 F.3d 255 (4th Cir. 1996)...................................... 22

*Circuit City Stores, Inc. v. Speedy Car-X, Inc.*, No. 3:94-CV-712, 1995 U.S. Dist. LEXIS
    6515 (E.D. Va. Mar. 27, 1995) ................................................................................ 8, 10

*Dunn Computer Corp. v. Loudcloud, Inc.*, 133 F. Supp. 2d 823 (E.D. Va. 2001).............2, 10, 21

*Edison Brothers Stores v. Broadcast Music*, 954 F.2d 1419 (8th Cir. 1992) ............................... 5

*Energy Recovery, Inc. v. Hauge*, 133 F. Supp. 2d 814 (E.D. Va. 2000) ................................ 8, 10

*Estate of Thermond v. Gallant Transport, Inc.*, No. 06-1041-GPM, 2007 U.S. Dist.
    LEXIS 49608 (S.D. Ill. July 10, 2007) .......................................................................... 15

*Frank Krasner Enterprises Ltd. v. Montgomery County*, 401 F.3d 230 (4th Cir. 2005).............. 18

*Freilich v. Upper Chesapeake Health, Inc.*, 313 F.3d 205 (4th Cir. 2002) ................................ 15

*Gershwin Publishing Corp. v. Columbia Artists Management, Inc.*, 443 F.2d 1159
    (2d Cir. 1971) ................................................................................................................ 13

*HealthNet, Inc. v. Health Net, Inc.*, No. 2:01-0835, 2003 U.S. Dist. LEXIS 139 (S.D. W. Va. Jan. 7, 2003) ............................................................................................... 11

*Hoepfl v. Barlow*, 906 F. Supp. 317 (E.D. Va. 1995) ................................................. 19

*International Harvester Co. v. Deere & Co.*, 623 F.2d 1207 (7th Cir. 1980) ............. 10

*Kowalski v. Tesmer*, 543 U.S. 125 (2004) ................................................................. 17

*Learning Network, Inc. v. Discovery Communications, Inc.*, 11 F. App'x 297 (4th Cir. 2001) ........................................................................................................ 11

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ................................................ 17

*Luma Corp. v. Stryker Corp.*, No. 1:02-1132, 2006 U.S. Dist. LEXIS 50836 (S.D. W. Va. July 24, 2006) ............................................................................................................ 11

*MGM Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005) ........................................ 13

*Marshall v. Meadows*, 105 F.3d 904 (4th Cir. 1997) ................................................ 17

*Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270 (1941) ..................... 9

*MedImmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764 (2007) ................................. 9, 10

*Microchip Technology, Inc. v. Chamberlain Group*, 441 F.3d 936 (Fed. Cir. 2006) .................. 16

*Miller v. Brown*, 462 F.3d 312 (4th Cir. 2006) .................................................... 17, 20

*Miller v. FCC*, 66 F.3d 1140 (11th Cir. 1995) ........................................................... 21

*Mitcheson v. Harris*, 955 F.2d 235 (4th Cir. 1992) ................................................... 25

*National Health Federation v. Weinberger*, 518 F.2d 711 (7th Cir. 1975) ............... 23

*Newton v. State Farm Fire & Casualty Co.*, 138 F.R.D. 76 (E.D. Va. 1990) ............. 21

*Objective Interface Systems v. Garrett*, No. 1:06cv540, 2006 U.S. Dist. LEXIS 79722 (E.D. Va. Oct. 27, 2006) ......................................................................................... 2

*Railway Mail Association v. Corsi*, 326 U.S. 88 (1945) ............................................ 20

*Republic of Paraguay v. Allen*, 949 F. Supp. 1269 (E.D. Va. 1996), *aff'd* 134 F.3d 622 (4th Cir. 1998) ........................................................................................................ 15

*Robinsaw Engineering, Inc. v. United States*, 891 F. Supp. 1134 (E.D. Va. 1995).................... 18

*SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372 (Fed. Cir. 2007) ............................ 10

*S.C. Department of Health & Environmental Control v. Commerce & Industrial*
    *Insurance Co.*, 372 F.3d 245 (4th Cir. 2004) ................................................ 21

*Staffing Plus, Inc. v. Team Rehab Services, LLC*, No. 05-4242 (MLC),
    2006 U.S. Dist. LEXIS 519 (D.N.J. Jan. 6, 2006) ............................................ 15

*United Capitol Insurance Co. v. Kapiloff*, 155 F.3d 488 (4th Cir. 1998)......................... 2, 21, 24

*Walker Process Equipment, Inc. v. FMC Corp.*, 356 F.2d 449 (7th Cir. 1966) ................... 13, 14

*White v. National Union Fire Insurance Co.*, 913 F.2d 165 (4th Cir. 1990)........................... 21

## FEDERAL STATUTES AND RULES

17 U.S.C. §106 ............................................................................................................ 4

17 U.S.C. §110(5).................................................................................................... 5, 6

28 U.S.C. § 2201 ........................................................................................... 2, 8, 17, 21

Fed. R. Civ. P. 12(b)(1) ..................................................................................... 2, 8, 21

## **INTRODUCTION**

Last year, nine major media companies and copyright owners brought a lawsuit for copyright infringement in the Southern District of New York against a national operator of truck stops, Flying J, Inc. One of those plaintiffs was Fox Broadcasting Company ("Fox"), the Defendant here. The complaint in that case centered around Flying J's use of a device, manufactured by the Plaintiff here, segOne, Inc., on the televisions Flying J mounted in public areas of its truck stops. The device enabled Flying J to eliminate regularly scheduled commercials that were broadcast as part of the feed during advertiser-supported television programming. The device replaced that advertising with other commercials supplied by different advertisers who paid a fee to Flying J. The nine plaintiffs, including Fox, alleged that this conduct violated their exclusive "public performance" rights under the Copyright Act.

SegOne, the declaratory judgment plaintiff in this case, was involved in the Flying J case behind the scenes. SegOne selected and paid for Flying J's lawyer (Mr. Sprigman, counsel to segOne in this case) through an indemnity agreement. Through Mr. Sprigman, Flying J moved to dismiss the lawsuit under Rule 12(b)(6) for alleged failure to state a cause of action. Judge Deborah A. Batts of the Southern District of New York ruled that the plaintiffs had stated a valid claim for copyright infringement.

Unhappy with the Southern District of New York's Rule 12(b)(6) ruling, segOne remained behind the scenes, choosing not to intervene in the case as a party to defend the legality of its customer's use of the device. Flying J responded to the ruling by settling with all the plaintiffs, including Fox, using funds from segOne's insurer. A day after the settlement in that case was finalized, segOne emerged to file this declaratory judgment action.

Having lain in wait to see whether its customer's legal position would fail, segOne is now seeking a second bite at the apple. It asks this Court to disagree with the ruling by Judge Batts that Fox and the other media companies had a copyright cause of action, and to hold instead that Fox would not be able to bring a copyright claim against any segOne customer, under any conceivable set of circumstances, for using segOne's commercial-replacement device.

Fox now moves this to Court dismiss the Complaint for two separate and independently sufficient reasons. First, this Court lacks subject-matter jurisdiction because the Complaint fails to present a justiciable controversy under the Declaratory Judgment Act, 28 U.S.C. § 2201, or Article III of the Constitution. Second, the Court should exercise the "great latitude" it possesses to decline to adjudicate a declaratory judgment claim where, as here, its adjudication would lead to a waste of judicial resources and piecemeal litigation. *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493 (4th Cir. 1998).

## <u>BACKGROUND</u>

The following facts are taken largely from the Complaint as well as the records of two federal court lawsuits by and against segOne customers. One of those lawsuits is referenced in the Complaint, and both are matters of which this Court may take judicial notice. *See Objective Interface Sys. v. Garrett*, No. 1:06cv540, 2006 U.S. Dist. LEXIS 79722, at *2 n.1 (E.D. Va. Oct. 27, 2006). Furthermore, when a defendant challenges the Court's subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), the Court "need not accept the allegations of the complaint as true . . . [but] may look behind the complaint and view the evidence to determine whether a controversy in fact exists." *Dunn Computer Corp. v. Loudcloud, Inc.*, 133 F. Supp. 2d 823, 826-27 (E.D. Va. 2001) (alterations in original and quotations omitted); *accord CAE Screenplates, Inc. v. Beloit Corp.*, 957 F. Supp. 784, 788 (E.D. Va. 1997).

2

A.    **The segOne Device.**

SegOne manufactures and distributes a device that can be attached to television sets to strip out the commercial advertising that is broadcast with—and helps to pay for—the programming and replace it with alternate advertising promoting other products and services, with none of the advertising revenue going to the copyright owners or their licensees.  When a commercial advertisement would otherwise appear, the segOne device switches to another input, "caus[ing] different material, stored within the segOne device, to display over that input on the attached television."  Complaint ("Compl.") ¶ 4.  After "a period of up to two minutes," the device switches back to the regular broadcast.  *Id*.  The device allows "viewers [to] see advertising material or other alternative content supplied either by segOne or by the particular establishment that has contracted for the use of the segOne device."  *Id*. ¶ 5.

SegOne's Complaint identifies two former segOne customers:  Flying J, the nationwide truck stop operator referenced above, and LA Fitness, a "major health club operator." *Id*. ¶ 8.  Both customers were involved in litigation concerning the device.  Flying J was a defendant in the copyright infringement suit brought by media companies.  LA Fitness was a plaintiff that sued segOne over allegedly false claims segOne made about its device.

B.    **The Flying J Lawsuit in New York.**

1.    **The Complaint.**

Attached as Exhibit 1 is the 2006 complaint filed against Flying J by Fox and other media companies (hereafter "*Flying J* Plaintiffs"[1]) in the U.S. District Court for the

---

[1] The complete list of "*Flying J* Plaintiffs" is as follows:  American Broadcasting Companies, Inc. ("ABC"); CBS Broadcasting, Inc.; Disney Enterprises, Inc.; Fox Broadcasting Co.; Spelling Television, Inc.; Superstation, Inc.; TBS Funding Corp.; Turner Network Television, LP, LLLP;

3

Southern District of New York.  It alleged that Flying J was committing copyright infringement, in violation of § 106 of the Copyright Act, through its unauthorized "public performance" of the *Flying J* Plaintiffs' registered works.

The complaint included details about how and when Flying J used the segOne device to replace commercials.  Specifically, the complaint alleged that Flying J received regular television programming via satellite from DISH Network, *see Flying J* Compl. ¶ 19, *attached as* Ex. 1, that Flying J incorporated the segOne device into its television system by interposing it between the satellite dish and its television sets, *id*. ¶ 21; and that it used the device to replace the commercials embedded in the programming with commercials Flying J sold to other business trying to reach a trucker audience, *id*. ¶¶ 21-22.  For example, the *Flying J* complaint alleged that:

> On January 22, 2006, while the CBS telecast of the "American Football Conference Championship (Pittsburgh Steelers at the Denver Broncos)" was being shown in the drivers' lounge, Defendants' Plaza TV Device replaced the commercial advertisements transmitted to Flying J's truck stop with advertisements for "American Truckers Legal Association," "First Funds," and "Speedco."  Plaintiff CBS Broadcasting Inc. was the exclusive broadcast licensee of the January 22, 2006 telecast of the "American Football Conference Championship (Pittsburgh Steelers at the Denver Broncos)."

*Id.* ¶ 24(j).  The complaint also identified by date and copyrighted work fourteen other instances where this had occurred on various other television channels, including Fox, CNN, NBC, and USA.  *Id*. ¶¶ 24(a)-(o).

Under the Copyright Act, commercial establishments are permitted to mount televisions and radio speakers in public areas if their systems are "of a kind commonly used in

---

Universal Network Television, LLC; and Universal Television Networks.  *See ABC, Inc. v. Flying J, Inc.*, No. 06 Civ. 2967 (DBA), 2007 U.S. Dist. LEXIS 13252 (S.D.N.Y. Feb. 22, 2007).

private homes." 17 U.S.C. §110(5)(A). Courts often refer to this liability safe harbor as the homestyle "exemption." *See Edison Bros. Stores v. Broadcast Music*, 954 F.2d 1419 (8th Cir. 1992). The *Flying J* Plaintiffs asserted that by using the segOne device to replace the regularly scheduled commercials that supported the programming being shown with commercials that Flying J had sold to its own customers, Flying J had forfeited the protection of the "homestyle exemption," as its television system no longer resembled something one might expect to find in a private home. *See Flying J* Compl. ¶ 23. The complaint also alleged common-law misappropriation.

##    2.    **Flying J's Motion To Dismiss.**

SegOne funded Flying J's defense of the lawsuit. Under an indemnity agreement, segOne selected and paid for counsel to defend Flying J, the same counsel now representing segOne in this case. *See* Decl. of Paul B. Gaffney, ¶ 2, *attached as* Ex. 2. Thereafter, Flying J moved to dismiss the copyright claim on two grounds. *First*, Flying J contended that its agreement with DISH Network, the satellite service that delivered its television programming, provided it with a contractual right to use the segOne device in the manner alleged. *Second*, Flying J argued that the Copyright Act's "homestyle exemption" precluded the plaintiffs' claims.

In a thirty-page ruling, the Southern District of New York rejected both of Flying J's arguments and held that Fox and the other plaintiffs had stated a cause of action for copyright infringement. *ABC, Inc. v. Flying J.*, 2007 U.S. Dist. LEXIS 13252, *attached as* Ex. 3. The ruling stated that Flying J's contracts with the DISH Network did not authorize it "to perform publicly Plaintiffs' copyrighted audiovisual works along with the replacement advertisements." *Id.* at 16. The court also concluded that the "homestyle exemption" did not apply to the advertising replacement scheme alleged in the complaint:

5

> The Court is of the opinion that the homestyle exemption was not
> designed to apply to the particular allegations of copyright
> infringement contained in the Complaint.  Were the Court to find
> that the homestyle exemption potentially protects the particular
> conduct that Plaintiffs allege is infringing, it would effectively be
> reading a new right into the plain language of 17 U.S.C.
> § 110(5)(A).  The exemption protects "ordinary radio and
> television sets" that make unauthorized use of copyrighted works
> "for the incidental entertainment of patrons in small businesses or
> other professional establishments."

*Id.* at 23.

With the dispositive copyright issue resolved in favor of Fox and the other

plaintiffs, the parties settled.  Despite, or perhaps because of its significant involvement in the

litigation, segOne did not move to intervene as a defendant or seek any relief.  Flying J agreed to

pay a lump-sum figure and cease the disputed conduct.  SegOne's insurance carrier paid for the

settlement.  *See* Gaffney Decl. ¶ 3.  One day after the Flying J settlement was finalized, segOne

filed this declaratory judgment action against Fox.

### C.     The LA Fitness Lawsuit In California.

The Complaint also references another segOne customer, LA Fitness.  In April

2005, LA Fitness sued segOne in California seeking to invalidate a contract between the two

companies.  *See LA Fitness* Compl., *attached as* Ex. 4.  SegOne removed the case to the United

States District Court for the Central District of California.  The *LA Fitness* complaint alleged that

segOne misled LA Fitness into entering into a contract to install the segOne device in its health

clubs and utilize segOne's commercial-substitution service.  *See id.* ¶ 1.  Under the contract,

segOne itself would sell "'substituted' commercials" to replace the regularly broadcast

commercials provided by shows' sponsors and "share with LA Fitness some of the revenue it

generated."  *Id.* ¶ 5.

6

After LA Fitness entered into its contract with segOne, DirecTV—the satellite company that supplied programming to the health clubs—informed LA Fitness that use of the segOne device "would violate LA Fitness's 'Commercial Viewing Agreement' with DirecTV . . . [and] give DirecTV the immediate right to terminate all television services at LA Fitness's workout facilities." *Id.* ¶¶ 7, 16.  Based on its conversations with DirecTV, LA Fitness became convinced that, "contrary to segOne's warranties and representations, segOne's ad-substitution strategy would require LA Fitness to breach its pre-existing contract with DirecTV." *Id.* ¶ 17. LA Fitness filed a declaratory judgment suit against segOne, seeking a declaration that its contract with segOne was "illegal, contrary to public policy, and lacking in consideration." *Id.* ¶ 25.  It sued also for breach of warranty, negligent misrepresentation, and to have its contract with segOne rescinded. *Id.* ¶¶ 30, 34, 36.  LA Fitness pursued these claims based primarily on its fear of being sued for breach of contract by DirecTV, its broadcast provider. *Id.*

SegOne responded by denying liability and asserting counterclaims against LA Fitness for breach of contract and breach of the duty of good faith and fair dealing for its refusal to complete the installation of segOne's devices in its health clubs. *See LA Fitness* Answer, *attached as* Ex. 5 at 7-9.  SegOne did not seek a declaratory judgment of the sort asserted here or attempt to involve Fox or any media companies as indispensable parties or third-party defendants.  LA Fitness and segOne later entered into a stipulation of dismissal, with each side to bear its own costs and attorneys' fees. *See LA Fitness* Stipulation of Dismissal, *attached as* Ex. 6.

7

**ARGUMENT**

I.    **THIS CASE DOES NOT PRESENT AN "ACTUAL CONTROVERSY."**

The Declaratory Judgment Act provides in part:

> In any case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a).  The requirement of a "case of actual controversy" is co-extensive with the "case or controversy" requirement of Article III.  *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239-40 (1937).

"The plaintiff in a declaratory judgment action has the burden of proving by a preponderance of the evidence that an actual controversy existed from the time of filing throughout the pendency of the suit."  *Energy Recovery, Inc. v. Hauge*, 133 F. Supp. 2d 814, 817 (E.D. Va. 2000); *see also Circuit City Stores, Inc. v. Speedy Car-X, Inc.*, No. 3:94-CV-712, 1995 U.S. Dist. LEXIS 6515, at *7 (E.D. Va. Mar. 27, 1995).  SegOne has not done so.  In fact, segOne's declaratory judgment claim fails virtually every justiciability test that a litigant must pass to invoke the limited jurisdiction of a federal court, and must therefore be dismissed under Rule 12(b)(1).

There is no "actual controversy" between segOne and Fox because Fox has never directly or indirectly threatened segOne with a suit for direct or secondary copyright infringement, and segOne is not permitted to rely on any purported insecurity its potential customers allegedly may feel.  Moreover, segOne lacks standing to maintain this action because the declaratory judgment it seeks against Fox will neither nullify the ruling from the Southern District of New York that use of the segOne device in a public place violates broadcasters'

8

copyrights, nor prevent claims by any of the other copyright owners or third-party content providers (such as DirecTV) throughout the nation, to whom this ruling would not apply. In addition, this case is not sufficiently "concrete" to be justiciable because segOne is seeking an abstract, hypothetical ruling entirely divorced from any particular set of facts. For these reasons, this Court should dismiss the Complaint for lack of subject-matter jurisdiction.

### A.    There Is No "Actual Controversy" Between segOne and Fox.

A federal court may not exercise subject-matter jurisdiction unless "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941); *see also Aetna*, 300 U.S. at 240. In an attempt to satisfy this requirement, segOne alleges that it "expects that it will soon be targeted for a copyright lawsuit." Compl. ¶ 17; *see also id*. ¶ 18 (alleging that segOne "fear[s] copyright liability" based on its customers' use of device). SegOne also contends that the concerns of unidentified potential customers about their own potential liability have "chilled" segOne's "business opportunities." *Id*. ¶ 17. Neither of these alleged fears is sufficient to show the existence of an "actual controversy" under Article III.

### 1.    SegOne's Own Purported Fear of Liability Does Not Create a Case or Controversy.

SegOne's purported apprehension of being sued by Fox for copyright infringement does not give rise to a justiciable controversy because Fox has done nothing that reasonably gives rise to that alleged fear.

In *MedImmune, Inc. v. Genentech, Inc.*, the Supreme Court held that a plaintiff may assert a declaratory judgment claim if it faces a concrete threat of litigation or has altered its

behavior due to an actual threat of litigation. 127 S. Ct. 764, 772 (2007) (holding that an

"imminent threat of prosecution," an "imminent threat of harm," or "threatened enforcement

action by a private party" can give rise to a justiciable declaratory judgment claim). A plaintiff

not facing an imminent threat of litigation may seek declaratory relief only if it has been

"effectively *coerced*" into engaging in "threat-eliminating behavior." *Id.* (emphasis added). The

Court later reiterated that the element of "coercion" is "dispositive" of the jurisdictional issue in

declaratory judgment cases. *Id.* at 774.

   *MedImmune* thus reaffirms the longstanding principle that in declaratory

judgment actions the central focus in determining whether an actual controversy exists remains

the conduct of the declaratory defendant. *Dunn Computer*, 133 F. Supp. 2d at 827 ("[T]he

proper focus in this regard is on [the declaratory] defendant's conduct and statements."); *see also*

*SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007) ("Article III

jurisdiction may be met where the [declaratory defendant] *takes a position* that puts the

declaratory judgment plaintiff in the position of either pursuing arguably illegal behavior or

abandoning that which he claims a right to do.") (emphasis added); *Energy Recovery*, 133 F.

Supp. 2d at 820.

   On the other hand, "the mere existence" of a patent or copyright "is insufficient to

create a justiciable controversy," *CAE Screenplates*, 957 F. Supp. at 791, and a plaintiff may not

manufacture subject-matter jurisdiction based on its subjective fears of litigation or liability

unless the declaratory defendant affirmatively did something to reasonably give rise to those

fears. "A reasonable apprehension alone, if not inspired by defendant's actions, does not give

rise to an actual controversy." *Circuit City*, 1995 U.S. Dist. LEXIS 6515, at *10 (quotation

marks omitted); *accord Int'l Harvester Co. v. Deere & Co.*, 623 F.2d 1207, 1211 (7th Cir. 1980).

The Complaint is insufficient to trigger jurisdiction under the rule articulated in these cases because it does not contain, and could not contain, any specific factual allegation that Fox directly or indirectly threatened segOne with an infringement lawsuit or publicly taken the position that segOne has engaged in acts that give rise to copyright liability.  Unlike the vast majority of declaratory judgment plaintiffs in trademark, copyright, and patent actions, segOne does not allege that it ever received any explicit or implicit threats from Fox during the years it openly marketed the segOne device throughout the United States.  Compl. ¶ 8.  *Cf. Learning Network, Inc. v. Discovery Commc'ns., Inc.*, 11 F. App'x 297, 301 (4th Cir. 2001) (affirming jurisdiction over a declaratory judgment case because the defendant's "assertion of rights in the August 11 letter was contrary to [the plaintiff's] immediate business plan."); *Luma Corp. v. Stryker Corp.*, No. 1:02-1132, 2006 U.S. Dist. LEXIS 50836, at *38 (S.D. W. Va. July 24, 2006) (exercising jurisdiction because the patentee "had written demand letters alleging that the [declaratory plaintiff's] products infringed its patent"); *HealthNet, Inc. v. Health Net, Inc.*, No. 2:01-0835, 2003 U.S. Dist. LEXIS 139, at *11 (S.D. W. Va. Jan. 7, 2003) (exercising jurisdiction where the declaratory plaintiff had received "three separate cease-and-desist letters maintaining the exact same position—that [the plaintiff] infringed upon [the defendant's] rights.").

SegOne's only allegation explaining its purported fear of liability is that Fox "has asserted, along with other network plaintiffs in the Flying J litigation, that use of the segOne device infringes the copyrights on [Fox's] programs unless that use is authorized by Fox." Compl. ¶ 17.  The copyright claim in *Flying J*, however, was based on the truck stop operator's use of the device to make unauthorized public performances of the plaintiffs' copyrighted works. SegOne does not purport to use its device in that manner, and Fox has never contended

11

otherwise.  Thus, segOne has no basis to fear a direct infringement suit, and cannot reasonably

contend that it stopped marketing its products due to the possibility of such a claim.

Nor can segOne invoke federal jurisdiction based on the purported specter of a

secondary liability claim against it by Fox.  SegOne does not allege that Fox has ever threatened

it with a lawsuit for contributory or vicarious infringement, or that Fox has ever taken a public

position that segOne is liable for contributory or vicarious infringement or has engaged in acts

that would give rise to secondary liability.

Under these circumstances, segOne's Complaint must be dismissed.  The Third

Circuit dismissed a materially identical declaratory judgment claim in *Aralac, Inc. v. Hat Corp.

of America*, 166 F.2d 286 (3d Cir. 1948).  That declaratory plaintiff, Aralac, sold "casein fiber,"

a substitute for animal fur, for several years.  *Id*. at 289.  The declaratory defendant, Hat, held a

patent on the use of casein fiber for manufacturing fur hats.  Hat allegedly notified Aralac's

prospective customers that their use of Aralac's casein fiber to make hats would infringe its

patent.  *Id*.  It went on to sue one of Aralac's customers, but the matter settled.  Aralac then sued

for a declaratory judgment that its patent was invalid, alleging that Hat's actions were causing

Aralac to lose business.  *Id*. at 289.

The Third Circuit dismissed the suit, stating:

In this case however there has never been a charge of infringement
made by defendant against plaintiff or any of plaintiff's customers
or prospective customers by notice, threat or suit *as to the sale or
purchase of casein fiber or against casein fiber as such*, but a
claim that the purchasers of plaintiff's fibers were, *by using the
process encompassed by defendant's patents*, performing an act of
infringement.  *Plaintiff was never charged with doing anything by
way of direct or contributory infringement.*

12

*Id*. at 293 (emphases added).  Likewise in this case, while Fox and other media companies

previously have challenged *Flying J's* particular use of the segOne device, Fox never accused

*segOne* itself of "doing anything by way of direct or contributory infringement," or challenged

the sale or purchase of the segOne device "as such," without regard to the particular way in

which a customer uses it.  *Id*.[2]

      Another reason that segOne cannot rely on the *Flying J* litigation as a basis for

this declaratory judgment claim is because that suit has been dismissed with prejudice.  In

*Walker Process Equipment, Inc. v. FMC Corp.*, 356 F.2d 449 (7th Cir. 1966), a case with

striking similarities to this one, the declaratory plaintiff, Walker, manufactured a device that

could be used in several ways, one of which allegedly infringed a patent for a particular method

of treating sludge held by the declaratory defendant, FMC Corp.  *Id*. at 450.  FMC sued one of

Walker's clients, the City of Greensboro, for infringing its patent through the way in which it

used Walker's device.[3]  *Id*. at 451.  Because of a hold-harmless agreement between Walker and

Greensboro, Walker defended the suit.  *Id*.

      After that case concluded, Walker filed a declaratory judgment claim against

FMC, alleging that FMC's threats against Walker's clients deterred them from purchasing

---

[2] Additionally, the *Flying J* plaintiffs' allegations that Flying J's use of the device violated its copyrights are not, in themselves, sufficient to give rise to secondary liability for segOne. SegOne would not face potential secondary liability for copyright infringement without allegation and proof of other elements about which Fox has never publicly taken a position.  *See generally MGM Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005) (stating elements of liability for inducement of infringement); *Gershwin Pub'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971) (statement elements of liability for contributory and vicarious infringement).

[3] FMC had also sued Walker, but the case was dismissed for lack of personal jurisdiction and never re-filed.

Walker's device. *Id*. at 450. The Seventh Circuit held that these circumstances did not amount

to an actual controversy. The court first noted that "the complaint does not allege that FMC has

charged Walker or any of Walker's customers, *at any time since the Greensboro litigation*, with

any kind of infringement." *Id*. at 451 (emphasis added). The court held that nothing that

occurred during FMC's suit against Greensboro could give rise to a justiciable controversy with

Walker once that case concluded. It stated, "Whatever infringement charges were made in the

Greensboro litigation were resolved, and the controversy between the parties terminated." *Id.;*

*see also C. Van Der Lely N.V. v. F. Iii Maschio S.n.c.*, 561 F. Supp. 16, 24 (S.D. Ohio 1982).

       In the instant case, segOne attempts to manufacture a declaratory judgment claim

against Fox based on the concluded *Flying J* litigation in the Southern District of New York.

Compl. ¶¶ 11-14, 17-18. Most notably, segOne alleges, "Fox's copyright lawsuit has therefore

caused, and was intended to cause, segOne to fear copyright liability and on that basis to cease

distribution of the segOne device, and therefore to suffer substantial commercial harm." *Id*. ¶ 18.

The *Flying J* lawsuit, however, was dismissed with prejudice. *See Flying J* Stipulation of

Dismissal, *attached as* Ex. 7. Under *Walker Process*, segOne is barred from relying on those

proceedings as a basis for a subsequent declaratory judgment claim.

       **2.**    **<u>Liability Concerns of Prospective Customers</u>**
                **<u>Do Not Create a Case or Controversy.</u>**

       SegOne's only remaining basis for asserting that an "actual controversy" exists is

its allegation—made solely on the basis of "information and belief"—that "the plaintiffs in the

Flying J suit (including Fox), or their agents, have threatened other actual or potential segOne

clients that use of the segOne device causes copyright infringement." Compl. ¶ 17. It contends

that the "chilling effect" of Fox's purported threats has caused it to "suffer substantial

commercial harm." *Id.* ¶ 18. This allegation is insufficient to give rise to a justiciable controversy for numerous reasons.

First, a litigant cannot establish federal jurisdiction through conclusory allegations made on "information and belief." *See Estate of Thermond v. Gallant Transp., Inc.*, No. 06-1041-GPM, 2007 U.S. Dist. LEXIS 49608, at *3 (S.D. Ill. July 10, 2007) ("[A]n allegation based upon 'information and belief' is insufficient to invoke this Court's jurisdiction."); *Staffing Plus, Inc. v. Team Rehab Servs., LLC*, No. 05-4242 (MLC), 2006 U.S. Dist. LEXIS 519, at *3-4 (D.N.J. Jan. 6, 2006) ("Allegations that are 'upon information and belief,' or not specific . . . are not sufficient [to establish subject-matter jurisdiction]."). SegOne does not and cannot identify even a single potential customer outside of the settled *Flying J* case that purportedly was threatened, and fails to disclose the contents of any alleged threats or offer any information about the circumstances under which threats purportedly were made (*i.e.*, who made it, when it was made, how it was conveyed, etc.). Thus, this Court cannot assert subject-matter jurisdiction over this case based on nonspecific allegations of purported threats by "the plaintiffs in the Flying J suit (including Fox), or their agents," against segOne's potential customers. Compl. ¶ 17.

Second, segOne in any event lacks standing to alleviate its customers' purported insecurity and obtain a declaration of their rights. "A third-party may not assert the rights of another unless the third party demonstrates that the real party in interest in unable to litigate by virtue of 'inaccessibility, mental incompetence, or other disability.'" *Rep. of Para. v. Allen*, 949 F. Supp. 1269, 1274 (E.D. Va. 1996) (quotation marks omitted), *aff'd* 134 F.3d 622 (4th Cir. 1998); *see, e.g., Freilich v. Upper Chesapeake Health, Inc.*, 313 F.3d 205, 215 (4th Cir. 2002) (barring plaintiff from asserting claims of disabled people because they were capable of filing lawsuits themselves). There is no reason segOne's past or potential customers would not be able

15

to litigate any potential infringement issues themselves. Any concerns potential customers might have over copyright liability can be addressed through an indemnity from segOne. SegOne may not craft a controversy based on the legality of its customers' actions.

Third, segOne's concerns about its potential customer base are otherwise insufficient to give rise to a justiciable controversy. In *Microchip Technology, Inc. v. Chamberlain Group*, 441 F.3d 936 (Fed. Cir. 2006), the Federal Circuit held that an Article III controversy does not exist where a product manufacturer such as segOne seeks a declaratory judgment to alleviate potential customers' fears of infringement claims against them.

The declaratory plaintiff in that case, Microchip, sought a declaratory judgment that the declaratory defendant Chamberlain's patents were invalid. Chamberlain had not threatened Microchip with an infringement suit, but had sued Microchip's customers for infringement, thereby depressing Microship's sales. *Id.* at 938, 940. The Federal Circuit held that an actual controversy did not exist between Microchip and Chamberlain, despite the fact that "the 'practical effect' of Chamberlain's actions was that Microchip could not sell its product without subjecting its customers (but not itself) to the threat of a patent infringement suit." *Id.* at 942. The court explained:

> At most, Microchip had only an economic interest in clarifying its customers' rights under Chamberlain's patents, which may have facilitated the sale of Microchip's products. Microchip perhaps would economically have benefited if its customers had no fear of suit by Chamberlain. Such an economic interest alone, however, cannot form the basis of an "actual controversy" under the Declaratory Judgment Act.

*Id.* at 943.

The Federal Circuit concluded that Microchip's concerns about its potential customer base were insufficient to give rise to a justiciable controversy with Chamberlain.

16

Likewise, here, segOne may not base this suit on Fox's alleged "chilling" of its potential

customers.  This case must therefore be dismissed for lack of subject-matter jurisdiction due to

the absence of an actual controversy under Article III and the Declaratory Judgment Act, 28

U.S.C. § 2201.

     **B.**     <u>**SegOne Lacks Standing.**</u>

       A district court may not exercise subject-matter jurisdiction over a case under

Article III if the plaintiff lacks standing.  *See Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006).

The Supreme Court has held that, for a plaintiff to have standing, it must demonstrate:

     (1)  an "injury in fact";

     (2)  a causal connection between the injury and the conduct of

         which the party complains; and

     (3)  that it is "likely" a favorable decision will provide redress.

*Kowalski v. Tesmer*, 543 U.S. 125, 129 n.2 (2004), *quoting Lujan v. Defenders of Wildlife*, 504

U.S. 555, 560-61 (1992).  SegOne cannot satisfy the third element of this test because a

declaratory judgment in segOne's favor will not remedy segOne's alleged injury:  the purported

elimination of its potential customer base due to the threat of copyright litigation.  This case

therefore must be dismissed for lack of standing.  *See, e.g.*, *Marshall v. Meadows*, 105 F.3d 904,

906 (4th Cir. 1997); *see also Burke v. City of Charleston*, 139 F.3d 401, 407 (4th Cir. 1998).

       A ruling for segOne in this case would at best send a mixed message to potential

customers.  The Southern District of New York already has held that copyright owners can state

a cause of action when their works are performed publicly in conjunction with the segOne device

in the manner Flying J used it.  In this case, segOne essentially is asking this Court to disagree

with the Southern District's conclusion and hold that *any* use of the device, under *any* circumstances, would not violate Fox's copyrights.  Even were the Court to entertain such an impermissibly broad and abstract request, it could not nullify the Southern District's contrary ruling, and so would be unable to provide segOne's prospective customers with definitive assurances as to the legality of their potential uses of the device.  Therefore, it is "entirely uncertain and speculative" whether a declaratory judgment would alleviate segOne's alleged injuries by relieving the fear of liability its potential customers purportedly feel and allowing segOne to resume marketing its device in the United States without fear of liability itself.  *See Robinsaw Eng'g, Inc. v. United States*, 891 F. Supp. 1134, 1149 (E.D. Va. 1995).

Furthermore, the Fourth Circuit has denied standing when "the actions of an independent third party, who was not a party to the lawsuit, stood between the plaintiff and the challenged actions."  *Frank Krasner Enters. Ltd. v. Montgomery County*, 401 F.3d 230, 235 (4th Cir. 2005).  SegOne concedes that its customers' purported fear of copyright liability stems not solely or even primarily from Fox, but from "other broadcast networks" and "other plaintiffs in the Flying J litigation," including ABC, CBS, Disney, Spelling Television, Superstation, TNT, and Universal, among others.  Compl., ¶¶ 11, 13, 17; *see also ABC, Inc.*, 2007 U.S. Dist. LEXIS 13252.  The requested declaratory judgment would not be binding on any of these other networks, however, leaving *their* supposed threats intact, presumably with the same effect on segOne's business.  Nor do the *Flying J* Plaintiffs own the universe of copyrighted television programming—numerous other media companies, broadcasters, and content providers were not involved in the *Flying J* suit.  Thus, even if segOne's prospective customer base dried up because of the purported threats alleged in the Complaint, those threats would remain even if this lawsuit against Fox alone concluded in segOne's favor.

18

Finally, segOne's alleged problems would not be solved even if there were some way to join the rest of the copyright-owning world as defendants. As the *LA Fitness* lawsuit establishes, segOne's potential customers also face the threat of liability on various grounds from third-party programming suppliers such as DirecTV, DISH Network, and the local and national cable television companies, who have their own reasons for preventing commercial customers (like bars, health clubs, and truck stops) from using commercial-replacement devices. As anyone who subscribes to a cable or satellite service knows, those companies frequently include advertisements and promotions for their own services and—as the LA Fitness lawsuit demonstrates—they have a strong interest in preventing customers from stripping out these promotions and replacing them with commercials the customers have sold to someone else. Again, a judgment against Fox on the copyright issue segOne raises in this case would not eliminate the potential liability of segOne's customers to these other entities on contract or other state-law grounds.

Because segOne cannot reasonably contend that a judgment from this judicial district against Fox would alleviate its potential customers' purported fear of liability from using the device, segOne lacks standing to pursue its declaratory judgment claim against Fox. *See Bord v. Banco de Chile*, 205 F. Supp. 2d 521, 524 (E.D. Va. 2002) (dismissing suit against the Department of Commerce to enjoin use of a certain policy for lack of standing because even if plaintiff obtained a favorable ruling, it "would have no effect" against other private entities that actually crafted and implemented the policy). SegOne seeks nothing more than a constitutionally impermissible advisory opinion. *See Hoepfl v. Barlow*, 906 F. Supp. 317, 320 (E.D. Va. 1995) (stating that the requirements of standing "ensure that the federal courts confront only concrete

19

disputes, ones that are live and ripe for adjudication, rather than mere requests for advisory opinions"). Thus, this case must be dismissed for lack of subject-matter jurisdiction.

## C. SegOne's Allegations Are Not Concrete and Definite.

To satisfy Article III's case or controversy requirement, a plaintiff must present "a dispute definite and concrete, not hypothetical or abstract." *Ry. Mail Ass'n v. Corsi*, 326 U.S. 88, 93 (1945); *accord Miller*, 462 F.3d at 316. In one of its leading decisions interpreting the Declaratory Judgment Act, the Supreme Court explained:

> A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot.
>
> The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests.
>
> It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

*Aetna Life Ins.*, 300 U.S. at 240-41 (citations omitted).

A comparison of segOne's claim here to the claims asserted against an actual customer in the *Flying J* case demonstrates that the present lawsuit is too abstract and hypothetical to constitute a justiciable controversy. In the *Flying J* lawsuit, the Southern District of New York held that the plaintiffs had stated a valid claim for infringement of an identified set of copyrighted works based on a specified course of conduct by the defendant. SegOne's Complaint in this case, by comparison, seeks a declaration not only that the Southern District was wrong, but that in the future Fox will never be entitled to bring an infringement claim against any segOne customer for using the device under any imaginable set of circumstances. This Court does not have jurisdiction to offer an advisory opinion on such a "hypothetical,

20

abstract, [and] academic question." *Newton v. State Farm Fire & Cas. Co.*, 138 F.R.D. 76, 78

(E.D. Va. 1990); *see also Miller v. FCC*, 66 F.3d 1140, 1146 (11th Cir. 1995) ("[W]e are

prohibited from determining the propriety of the FCC's declaratory ruling given the abstract

circumstances in which this issue is presented."). Thus, segOne's declaratory judgment claim

must be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction.

## II.    THIS COURT SHOULD DECLINE JURISDICTION AS A MATTER OF DISCRETION.

Even if the minimum requirements of Article III standing could be established

here, the Complaint should still be dismissed. The Declaratory Judgment Act is permissive,

merely stating that a court "*may* declare the rights" of a plaintiff seeking a declaratory judgment.

28 U.S.C. § 2201(a) (emphasis added). Thus, "[t]he Declaratory Judgment Act is an exception to

the general rule that a federal court must exercise the jurisdiction which is conferred upon it."

*Dunn Computer*, 133 F. Supp. 2d at 829. Even if a case or controversy exists, a court may not

adjudicate it unless the court is "satisfied that declaratory relief is appropriate—the 'prudential'

inquiry." *White v. Nat'l Union Fire Ins. Co.*, 913 F.2d 165, 167 (4th Cir. 1990). The Court

retains "great latitude," *United Capitol Ins. Co.*, 155 F.3d at 493, and "broad discretion," *S.C.*

*Dep't of Health & Envtl. Control v. Commerce & Indus. Ins. Co.*, 372 F.3d 245, 260 (4th Cir.

2004), in determining whether to entertain a declaratory judgment claim.

Several general principles guide courts in exercising this discretion. The Fourth

Circuit has explained that the main purpose of a declaratory judgment is "to settle legal rights

and remove uncertainty and insecurity from legal relationships without awaiting a violation of

the rights or a disturbance of the relationships." *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321,

325 (4th Cir. 1937). A declaratory judgment should not be issued "to try a controversy by

21

piecemeal, or to try particular issues without settling the entire controversy, or to interfere with

an action which has already been instituted." *Id.*; *accord Centennial Life Ins. Co. v. Poston*, 88

F.3d 255, 256 (4th Cir. 1996).   The Fourth Circuit further explained:

> The two principal criteria guiding the policy in favor of rendering
> declaratory judgments are (1) when the judgment will serve a useful
> purpose in clarifying and settling the legal relations in issue, and (2) when
> it will terminate and afford relief from the uncertainty, insecurity, and
> controversy giving rise to the proceeding.

*Quarles*, 92 F.2d at 325 (quotations omitted); *accord Centennial Life*, 88 F.3d at 256.  It later

held that a district court must also take into account "considerations of federalism, efficiency,

comity, and procedural 'fencing.'"  *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419,

423 (4th Cir. 1998) (per curiam).

As explained below, many of these factors counsel against exercising jurisdiction

over this case.  Entertaining segOne's declaratory judgment claim would be a waste of judicial

resources because segOne already had but squandered two opportunities—in the *Flying J* and *LA

Fitness* cases—to attempt to have this copyright issue addressed.  Moreover, a declaratory

judgment would not resolve the uncertainty that segOne and its customers purportedly feel

because the Southern District of New York's ruling—that the media companies stated a claim for

copyright infringement based on Flying J's use of the device—would still stand, and this Court's

ruling would not apply to any copyright owners other than Fox.  Finally, exercising jurisdiction

over segOne's claim would lead to piecemeal litigation because a broad declaration that "use" of

the segOne device does not infringe Fox's copyrights does not definitely address the issue of

whether any particular customer's use of the device under a particular set of circumstances is

legally permissible.  Thus, this Court should dismiss the Complaint as a matter of discretion.

22

**A.     SegOne Should Not Be Permitted To Relitigate the _Flying J_ and _LA Fitness_ Cases.**

SegOne's declaratory judgment claim should be dismissed because it is duplicative and a waste of judicial resources.  SegOne could have tried to join the _Flying J_ litigation as a party.  Through an indemnity agreement, segOne was already paying for Flying J's defense, _see_ Gaffney Decl._,_ Ex. 2 at ¶ 2, and had selected to represent Flying J the same lawyer who represents it in this action.  Because Judge Batts ruled against Flying J, segOne now seeks to relitigate the legality of its device in a different forum, in a case divorced from any particular or concrete set of facts.  Under these circumstances, the Court should exercise its discretion to decline segOne's request for a declaratory judgment that effectively nullifies Judge Batts' ruling.  As the Seventh Circuit explained in _National Health Federation v. Weinberger_, 518 F.2d 711, 714 (7th Cir. 1975), "We do not think that the plaintiffs should be allowed to so easily avoid real involvement in litigation in one forum, and then impose on a second federal forum the burden of considering anew the same issues."

The _LA Fitness_ lawsuit, where segOne _was_ formally a party, presented an additional opportunity to litigate these issues.  SegOne's customer in that case complained, _inter alia_, that its contract with segOne "would result in acts of copyright infringement . . . against . . . the broadcasters whose programming DirecTV distributes."  _LA Fitness_ Compl., Ex. 4 at ¶ 22; _see also id_. ¶ 29 (alleging that "segOne's activities under the segOne Contract likely violate the copyrights of television networks and other television programming providers"); ¶ 36.  As in the _Flying J_ case, segOne could have at least attempted to litigate the question of infringement under the particular circumstances of its contractual arrangement with LA Fitness, but instead chose to settle.

23

SegOne's already has had two opportunities to litigate the issues set forth in its Complaint in concrete factual situations.  It lay in wait throughout the *Flying J* litigation, apparently to see what the result would be while paying for the defense of the case, did not attempt to intervene a party, and filed the Complaint in this case the day after *Flying J* was settled.  This Court should not permit segOne to occupy yet another court's time by raising these issues in a third forum in a case divorced from any particularized set of facts.

### B.    A Declaratory Judgment Would Not Resolve Any Uncertainty.

The declaratory judgment remedy is designed to "allow[] [an] uncertain party to gain relief from the insecurity caused by a potential suit waiting in the wings." *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 494 (4th Cir. 1998).  In this case, segOne does not suffer from any objectively reasonable "insecurity" precisely because there is no lawsuit "waiting in the wings."  As noted earlier, segOne does not allege that Fox has ever threatened it with a lawsuit or made any public statements about segOne indicating that it believes that segOne could be liable for direct or secondary infringement.  *See supra* Section I.A.  Moreover, as discussed earlier, even if segOne did suffer from some "insecurity," a judgment against Fox alone would do nothing to relieve such insecurity, because the judgment would not be binding on any other media companies or third-party intermediaries such as DirecTV or DISH Network, which would be free to pursue infringement or contract claims against segOne or its customers.  *See supra* Section I.B.  Thus, exercising jurisdiction over this case would not further the goals for which the declaratory judgment remedy was devised.

### C.    A Declaratory Judgment Would Lead to Piecemeal Litigation.

"In deciding whether to entertain a declaratory judgment action, a federal court should analyze whether its resolution of the declaratory action will settle all aspects of the legal

24

controversy." *Mitcheson v. Harris*, 955 F.2d 235, 239 (4th Cir. 1992). SegOne's declaratory judgment claim is an attempt to engage in piecemeal litigation because, even if it prevails, additional litigation is likely. If this Court were to rule that "use" of the segOne device, in the abstract or as a general matter, does not infringe Fox's copyrights, it remains at a minimum quite possible that a particular customer's use of the device may nevertheless violate Fox's copyright. Indeed, the Southern District of New York already has held that Fox and the other major media companies stated a valid claim for copyright infringement based on Flying J's use of the device at its truck stops. If segOne decides to resume marketing its device in the United States, nothing in the declaration it seeks here will prevent these issues from being re-litigated under other factual scenarios, or by other victims of infringement, or both. Thus, this Court should exercise its sound discretion to dismiss segOne's Complaint.

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed with prejudice.

Respectfully submitted,

FOX BROADCASTING COMPANY

By Counsel

/s/
Robert M. Tyler (VSB No. 37861)
rtyler@mcguirewoods.com
Attorney for Fox Broadcasting Company
MCGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA 23219-4030
Telephone:    (804) 775-7695
Facsimile:    (804) 698-2197

Paul B. Gaffney
pgaffney@wc.com
Jessamyn S. Berniker
jberniker@wc.com
Michael T. Morley
mmorley@wc.com
Attorneys for Fox Broadcasting Company
WILLIAMS & CONNOLLY LLP
725 12th Street, NW
Washington, DC 20005
Telephone:    (202) 434-5000
Facsimile:    (202) 434-502

25

## CERTIFICATE OF SERVICE

I certify that on July 27, 2007, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following counsel for Plaintiff segOne, Inc.

James Gibson
James Gibson PLLC
1926 Hickoryridge Rd.
Richmond, VA 23238
804-287-6398
Fax: 804-287-6398
Email: jgibson@richmond.edu

Christopher J. Sprigman
University of Virginia School of Law
580 Massie Rd.
Charlottesville, VA 22903
434-924-6331
Fax: 434-924-7536
Email: sprigman@virginia.edu


/s/_____
Robert M. Tyler (VSB No. 37861)
rtyler@mcguirewoods.com
Attorney for Fox Broadcasting Company
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia  23219-4030
Telephone:    (804) 775-7695
Facsimile:    (804) 698-2197