segOne, Inc. v. Fox Broadcasting Company
Case 3:07-cv-00342-JRS   Document 14-6   Filed 07/27/2007   Page 1 of 13
Doc. 14, Att. 5

| | |
|---|---|
| 1 | ROBERT M. SCHWARTZ (S.B. #117166) |
|   | O'MELVENY & MYERS LLP |
| 2 | 1999 Avenue of the Stars, 7th Floor |
|   | Los Angeles, CA 90067-6035 |
| 3 | Telephone: (310) 553-6700 |
|   | Facsimile: (310) 246-6779 |
| 4 | Email: rschwartz@omm.com |
| 5 | MARCUS S. QUINTANILLA (S.B. #205994) |
|   | ANDREW H. HALL (S.B. #240186) |
| 6 | O'MELVENY & MYERS LLP |
|   | 610 Newport Center Drive, 17th Floor |
| 7 | Newport Beach, CA 92660-6429 |
|   | Telephone: (949) 760-9600 |
| 8 | Facsimile: (949) 823-6994 |
|   | Email: mquintanilla@omm.com |
| 9 | Email: ahall@omm.com |
| 10 | Attorneys for Plaintiff |
|    | LA Fitness International, LLC |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION

| | |
|---|---|
| LA FITNESS INTERNATIONAL, LLC, a California Limited Liability Company, | Case No. SACV06-423 DOC (RCx) |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR:** |
| v. | **(1) DECLARATORY RELIEF;** |
| SEGONE, INC., a Delaware corporation, | **(2) BREACH OF WARRANTY;** |
| Defendant. | **(3) RESCISSION; and** |
| | **(4) NEGLIGENT MISREPRESENTATION** |
| | **DEMAND FOR JURY TRIAL** |
| | Complaint Filed: April 7, 2005 |
| | Judge: Hon. David O. Carter |
| | Dept.: 17 |
| | Trial Date: None Set |

NB1:681443.2

FIRST AMENDED COMPLAINT

Plaintiff, LA Fitness International, LLC ("LA Fitness"), for its claims for relief against defendant segOne, Inc. ("segOne"), alleges as follows:

## JURISDICTION AND VENUE

1. Defendant segOne removed this case from the California Superior Court for the County of Orange, pursuant to 28 U.S.C. § 1441. Because the Orange County Superior Court is located within the Southern Division of the Central District of California, removal to the Central District was proper under 28 U.S.C. § 1441(a).

2. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because this dispute involves citizens of different states. LA Fitness is a limited liability company formed under the laws of the State of California, having its principal place of business in California, and LA Fitness is informed and believes and, on that basis, alleges that segOne is a Delaware Corporation with its principal place of business in the State of New Jersey.

3. This Court has subject-matter jurisdiction of this diversity action because the amount in controversy exceeds $75,000. LA Fitness is seeking rescission of a contract which has a value, if performed, in excess of $75,000, and the likely injury to LA Fitness if the contract were to be performed exceeds $75,000. *See Jackson v. American Bar Ass'n*, 538 F.2d 829, 831 (9th Cir. 1976).

## NATURE OF ACTION AND RELIEF SOUGHT

4. This lawsuit arises because, three months ago, Defendant segOne misled Plaintiff LA Fitness into signing an illegal and unenforceable contract. The parties refer to it as the "segOne LS Equipment Placement Agreement" (the "segOne Contract").[1] To induce LA Fitness to sign it, segOne convinced LA Fitness that its television ad substitution business is legitimate when, in reality, it is merely a clever way to make money by engaging in copyright infringement, inducement to breach third party contracts, misappropriation, unfair

---

[1] A true and correct copy of the segOne Contract is attached hereto as Exhibit A.

NB1:681443.2

2

competition, and other torts against television broadcasters and content providers. LA Fitness wants no part of such a business. To remain free of liability to third parties, to avoid being forced by segOne to engage in any unlawful activity, and to be made whole for segOne's misrepresentations, LA Fitness has filed this action.

5. The subject of the parties' contract is segOne's technology, which detects and then replaces the television commercials that normally appear while watching television with commercials that segOne inserts into the signal carried to the television set. segOne sells that "displaced" commercial time to third parties. Last year, it approached LA Fitness and offered to install its systems in the more than 140 LA Fitness facilities around the country so that segOne could sell advertising time to third parties who wanted to reach LA Fitness's highly desirable clientele—more than one million members who make more than five million club visits per month and who often watch television during their workouts. segOne anticipated collecting millions of dollars from such advertisers. It proposed to share with LA Fitness some of the revenue it generated from the sale of such "substituted" commercials. segOne assured LA Fitness that the technology's use was and would be lawful and would not violate the contract or other rights of any third parties, including DirecTV—the party from whom LA Fitness obtains television programming at each of its clubs.

6. To persuade LA Fitness that segOne's business was legitimate, segOne claimed, among other things, that it had entered into similar contracts with other establishments nationwide, without any objection from the broadcasters and content providers whose commercials were displaced. Further, segOne repeatedly assured LA Fitness that the arrangement would not violate any third party rights or place LA Fitness in breach of any third party obligations.

7. Before allowing segOne to install its devices, LA Fitness contacted DirecTV to confirm that it had no objection to segOne's ad-substitution business. DirecTV's response—received just over one month ago—was an

unequivocal denial of segOne's representations. Contrary to segOne's representations about the lawfulness of its business, DirecTV stated that segOne's ad-substitution scheme would violate LA Fitness's "Commercial Viewing Agreement" with DirecTV (the "Commercial Viewing Agreement"),[2] and any such violation would give DirecTV the immediate right to terminate all television services at LA Fitness's workout facilities and would expose LA Fitness to liability for any third-party claims—*e.g.*, copyright and related claims by the networks whose broadcasts DirecTV distributes.[3] The hundreds of television screens at all of the LA Fitness locations would go dark. LA Fitness's customers would be left without a health club staple to engage them during their exercise routines. The potential loss of customer goodwill and revenue would be enormous, and well beyond anything a company of segOne's size could make whole.

8. In view of the claims articulated by DirecTV, segOne has already breached its warranties to LA Fitness. LA Fitness has attempted to persuade segOne to rescind the transaction. Rather than voluntarily cancel the unlawful agreement, however, segOne has demanded that LA Fitness perform the contract in disregard of the rights of LA Fitness and the affected third parties.

9. Accordingly, LA Fitness now seeks a declaration that the segOne contract is void and unenforceable. Furthermore, LA Fitness seeks to rescind the contract and to recover the damages caused by segOne's breach of warranty and negligent misrepresentations.

---

[2] A true and correct copy of the Commercial Viewing Agreement is attached as Exhibit B.
[3] A true and correct copy of DirecTV's written statement is attached as Exhibit C.

NB1:681443.2

## THE PARTIES

10. At all relevant times mentioned herein, LA Fitness was and is a limited liability company duly organized and existing under the laws of the State of California with its principal place of business in the County of Orange, State of California. LA Fitness owns and operates more than 140 health and exercise clubs in California and seven other states. It has more than one million active members who visit the clubs more than five million times each month.

11. LA Fitness is informed and believes and, on that basis, alleges that Defendant segOne is a company organized under the laws of the State of Delaware with its principal place of business in the State of New Jersey. LA Fitness is further informed and believes and, on that basis, alleges that segOne is engaged in the business of selling televised advertising and then contracting with third parties to disseminate that advertising to consumers through televisions located on those third parties' premises. LA Fitness is further informed and believes and, on that basis, alleges that segOne is authorized to do and is doing business in the County of Orange, State of California.

## GENERAL ALLEGATIONS

12. On or about March 3, 2004, LA Fitness entered into a written "Commercial Viewing Agreement" with DirecTV whereby DirecTV agreed to provide television programming services to LA Fitness's athletic facilities. LA Fitness hereby incorporates by reference the terms of the Commercial Viewing Agreement (Exhibit B hereto) as if set forth fully herein.

13. Last year, segOne approached LA Fitness with an offer to pay LA Fitness fees for the right to access its facilities, install equipment, and operate a system that would substitute or replace the television commercials normally displayed on the television sets at LA Fitness's athletic facilities with commercials that advertised the products and services of third parties who would contract with segOne, and not the broadcasters responsible for the television programming, for

the right to display their commercials on screen. Under that proposal, segOne would attach certain devices to LA Fitness's televisions, and those devices would "electronically sense a commercial break, change channels and play alternative advertising"—in effect, "swapping out" segOne's commercials for those included as regularly-scheduled portions of DirecTV's transmission.

14. During the negotiations between LA Fitness and segOne, LA Fitness asked segOne whether this activity would violate LA Fitness's contracts with DirecTV or the copyrights and other rights of DirecTV or broadcasters and other providers of television programming. segOne assured LA Fitness that its contracts had been implemented in numerous establishments nationwide without objection from broadcasters or content providers such as DirecTV or the television networks and other providers. segOne further specifically represented that its ad-substitution strategy would not violate LA Fitness's Commercial Viewing Agreement with DirecTV or any other relevant law or legal standard. In further support of these representations, segOne provided LA Fitness with an express warranty that its services would not infringe the rights of others or violate LA Fitness's Commercial Viewing Agreement with DirecTV.

15. Based on segOne's assurances, on or about February 1, 2006, LA Fitness entered into the segOne Contract (Exhibit A). Under the segOne Contract, in exchange for the ability to disseminate its "alternative advertising" to LA Fitness's patrons, segOne would pay LA fitness $600 per month per site escalating to $1000 per site after the first three months and increasing by 5 percent each year. The segOne Contract was to run for five years. LA Fitness hereby incorporates by reference the terms of the segOne Contract as if set forth fully herein.

16. After the execution of the segOne Contract, LA Fitness became aware that the assurances provided by segOne were unfounded. LA Fitness contacted DirecTV seeking confirmation that, as segOne had represented, DirecTV

would not object to the ad-substitution business embodied in the segOne Contract. Contrary to segOne's assurances, however, DirecTV informed LA Fitness that any performance under the segOne Contract would constitute a material breach of the Commercial Viewing Agreement. More specifically, on April 6, 2006, DirecTV informed LA Fitness in writing that performance of the segOne Contract "would be deemed by DirecTV to be a violation of ... the Commercial Viewing Agreement ... between DirecTV ... and ... LA Fitness" and that "[s]uch a violation, if not timely cured, provides DirecTV the contractual right to terminate the Commercial Viewing Agreement" resulting in the immediate termination of all television services at LA Fitness facilities. (*See* Exhibit C.) In its April 6 notice, DirecTV further indicated that it "would look to LA Fitness for indemnification in the event that [LA Fitness's performance of the segOne Contract should] result in a third-party claim against DirecTV."

17. Prompted by the concerns articulated in DirecTV's April 6 letter, LA Fitness is informed and believes that, contrary to segOne's warranties and representations, segOne's ad-substitution strategy would require LA Fitness to breach its pre-existing contract with DirecTV, and will likely also involve violations of the copyright laws, *inter alia*, by leading to the creation of unauthorized derivative works of network programming in violation of 17 U.S.C. § 106(2), by violating the public performance right under 17 U.S.C. § 106(4), and by willfully making unauthorized changes to the content of broadcast programming in violation of 17 U.S.C. § 122. LA Fitness is further informed and believes and, on that basis, alleges that segOne's ad-substitution strategy may involve systematic acts of misappropriation, unfair competition, and related torts against DirecTV and/or the broadcasters whose programming DirecTV distributes.

18. Based on DirecTV's objections to the transaction and LA Fitness's own concerns regarding the lawfulness of the segOne Contract, LA Fitness has offered to restore to segOne all funds segOne has paid to LA Fitness in

connection with the segOne Contract and to terminate the segOne Contract without harm to either party. Although segOne has not yet begun to install its devices at LA Fitness's facilities, it has rejected LA Fitness's offer to return the parties to their pre-contractual positions, has refused to accept the return of funds, and has insisted that the segOne contract be performed. In light of segOne's refusal to accept the return of funds, LA Fitness intends to deposit such funds in an interest bearing escrow account, with instructions to disburse such funds in accordance with the Court's instructions in this case.

19. Despite these communications, segOne maintains that the segOne Contract does not violate the Commercial Viewing Agreement or any statutory or common-law rights of any third parties. segOne has threatened to sue LA Fitness unless it proceeds with full performance of the segOne Contract and implementation of the segOne commercial substitution technology.

## FIRST CAUSE OF ACTION
## (FOR DECLARATORY RELIEF)

20. LA Fitness incorporates the allegations of Paragraphs 1 through 19, above, and realleges them as if set forth fully herein.

21. LA Fitness is informed and believes and, on that basis, alleges that the segOne Contract will cause and/or induce LA Fitness to breach its pre-existing contract with DirecTV to provide television content to LA Fitness facilities.

22. LA Fitness is further informed and believes and, on that basis, alleges that, by replacing the commercials provided by DirecTV and third parties such as television networks, segOne's ad-substitution technology, and the parties' performance of the segOne Contract, would result in acts of copyright infringement, misappropriation, unfair competition, and/or related torts against DirecTV and/or the broadcasters whose programming DirecTV distributes.

NB1:681443.2                                    8

FIRST AMENDED COMPLAINT

23. LA Fitness is further informed and believes and, on that basis, alleges that, in view of the contractual breaches and other violations described hereinabove, the segOne contract is illegal and void as against public policy. Additionally, because performance of the segOne contract would result in the termination of television services at LA Fitness's athletic facilities and could result in liabilities to LA Fitness that segOne could never indemnify, the contract fails for a lack of any meaningful consideration.

24. An actual controversy has arisen and now exists between LA Fitness and segOne concerning their respective rights and duties under the segOne Contract, in that LA Fitness contends that the contract is illegal and unenforceable and that LA Fitness therefore has no duty to perform. segOne disputes LA Fitness's contentions, asserts that the segOne Contract comports with all relevant laws, and, contrary to the written notice provided by DirecTV, denies that the segOne Contract violates the Commercial Viewing Agreement between DirecTV and LA Fitness. segOne contends that the segOne Contract is enforceable as written and should be performed by the parties.

25. LA Fitness desires a judicial determination and declaration of plaintiff's and defendant's respective rights and duties under the segOne Contract. Specifically, LA Fitness seeks a declaration from this Court that the segOne Contract is void and unenforceable because it is illegal, contrary to public policy, and lacking in consideration.

26. The declaration is necessary and appropriate at this time to determine whether or not the segOne Contract violates the Commercial Viewing Agreement between LA Fitness and DirecTV, and to determine LA Fitness's obligations under the segOne Contract. Such declaration will allow the parties to terminate the segOne Contract before segOne has begun to perform and will result in no prejudice to segOne. The declaration prayed for herein will permit LA Fitness to continue to perform its contractual, statutory, and common-law

obligations toward non-parties to this action.

## SECOND CAUSE OF ACTION
## (FOR BREACH OF WARRANTY)

27. LA Fitness incorporates the allegations of Paragraphs 1 through 19, above, and realleges them as if set forth fully herein.

28. Among the promises contained in the segOne Contract is segOne's warranty (the "Warranty") that the advertising disseminated pursuant to that contract "will be delivered free of any rightful claim of any third party for infringement of any right." Consistent with this warranty, the segOne Contract further provides that segOne "shall indemnify, defend, and hold harmless [LA Fitness] from any and all damages, costs, expenses, or liabilities incurred as a result of any such claim of infringement." segOne's promise of indemnity expressly extends to any claim by DirecTV that LA Fitness's performance of the segOne Contract constitutes a breach of the Commercial Viewing Agreement in effect between LA Fitness and DirecTV. The Warranty became part of the basis of the bargain between the parties and therefore constitutes an express warranty.

29. LA Fitness is informed and believes and, on that basis, alleges that segOne breached the Warranty in that the services contemplated under the segOne Contract do in fact infringe various statutory and common-law rights of third parties and will result in breach of the Commercial Viewing Agreement between LA Fitness and DirecTV. As alleged hereinabove, segOne's activities under the segOne Contract likely violate the copyrights of television networks and other television programming providers and likely infringe the rights of third parties by misappropriating the value of their television programming in order to sell commercials to segOne's customers. Because the segOne Contract gives rise to these and related claims of unfair competition, segOne has breached the Warranty provided in the segOne Contract.

30. LA Fitness has been forced to engage counsel in an effort to mitigate the damage that the segOne Contract has caused to LA Fitness's third-party business relationships and to prevent the infringement of the rights of third parties and the assertion by such third parties of claims against LA Fitness and segOne. Additionally LA Fitness executives have expended substantial time and effort in attempts to resolve this matter and have thereby been diverted from their ordinary duties to the detriment of LA Fitness. Accordingly, LA Fitness has incurred substantial and continuing damages as a proximate result of segOne's breach of the Warranty, and segOne is contractually obligated to indemnify LA Fitness for all such damages, in an amount to be determined at the time of trial.

## **THIRD CAUSE OF ACTION**
## **(FOR RESCISSION)**

31. LA Fitness incorporates the allegations of Paragraphs 1 through 19, above, and realleges them as if set forth fully herein.

32. LA Fitness is informed and believes and, on that basis, alleges that, if not rescinded, the segOne Contract will cause LA Fitness to suffer substantial harm and injury in that it will place LA Fitness in breach of its Commercial Viewing Agreement with DirecTV and may expose LA Fitness to statutory and common-law liability to DirecTV and other third parties.

33. Rescission of the segOne Contract is appropriate insofar as LA Fitness's agreement to enter into the segOne Contract was induced by its reasonable reliance on segOne's misrepresentations regarding the legitimacy of the contract, and because, in view of the contract's illegality, the segOne Contract is not supported by any legally cognizable consideration.

34. LA Fitness intends service of this First Amended Complaint to serve as notice of rescission of the SegOne contract, and hereby demands that segOne cease any preparations for or attempts to perform under the segOne Contract. LA Fitness will place all funds received by LA Fitness into an interest-

NB1:681443.2

11

FIRST AMENDED COMPLAINT

bearing escrow account with instructions to the escrow agent to deliver the funds, plus interest, as directed by the Court in this action.

## FOURTH CAUSE OF ACTION
## (FOR NEGLIGENT MISREPRESENTATION)

35. LA Fitness incorporates the allegations of Paragraphs 1 through 19, above, and realleges them as if set forth fully herein.

36. LA Fitness is informed and believes and, on that basis, alleges that segOne made certain material misrepresentations during the negotiation and up through the execution of the segOne Contract in or about February 1, 2006—namely that segOne's contracts had been widely accepted without objection from broadcasters and television content providers and that such contracts were entirely consistent with all relevant contracts and applicable laws. These representations specifically included representations that the segOne services would not violate paragraph 17(e) of the Commercial Viewing Agreement with DirecTV, and that segOne's activity under the segOne Contract would not infringe the copyrights or other statutory or common-law rights of DirecTV or other third parties. As alleged hereinabove, LA Fitness is informed and believes and, on that basis, alleges that these representations are false, and were false when made.

37. LA Fitness is further informed and believes and, on that basis, alleges that segOne knew or reasonably should have known that these representations were false and that segOne had no reasonable basis for believing that they were true.

38. LA Fitness is informed and believes and, on that basis, alleges that these misrepresentations were conveyed to LA Fitness in the course of business and for a business purpose.

39. LA Fitness is informed and believes and, on that basis, alleges that these misrepresentations were intended to induce LA Fitness to rely on them.

40. LA Fitness did not know that segOne's representations were false but rather reasonably concluded that segOne was the entity with the most complete and reliable knowledge of the legitimacy of its own business operations and therefore relied on segOne's misrepresentations and was thereby induced to enter into the segOne Contract.

41. LA Fitness has been damaged by its reliance on segOne's misrepresentations in that LA Fitness has been forced to incur substantial costs, and to expend substantial time and effort to unwind this transaction or litigate its resolution.

## PRAYER FOR RELIEF

WHEREFORE, LA Fitness prays for judgment against segOne as follows:

1. For a declaration that the segOne Contract is void and unenforceable and that the parties have no further rights or obligations under that contract;

2. For rescission of the segOne Contract.

3. For damages according to proof at the time of trial;

4. For costs of suit incurred herein, including attorneys' fees;

5. For such other and further relief as the Court may deem just and proper.

Dated:    May 17, 2006

ROBERT M. SCHWARTZ
MARCUS S. QUINTANILLA
ANDREW H. HALL
O'MELVENY & MYERS LLP

By: _____
Marcus S. Quintanilla
Attorneys for Plaintiff
LA FITNESS INTERNATIONAL, LLC

NB1:681443.2

13

FIRST AMENDED COMPLAINT