CHRISTOPHER B. LEONARD (SBN 139154)
NICOLE L. HARRIS (SBN 204744)
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, California 90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100
Email: cbl@msk.com; nxh@msk.com

STEPHEN M. KRAMARSKY *(pro hac vice)*
DEWEY PEGNO & KRAMARSKY LLP
220 East 42nd Street
New York, New York 10017
Telephone: (212) 943-9000
Facsimile: (212) 943-4325
Email: skramarsky@dpklaw.com

Attorneys for Defendant segOne, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| LA FITNESS INTERNATIONAL, LLC, a California limited liability company, | CASE NO. SACV06-423 DOC (RCx) |
|---|---|
| Plaintiff, | **FIRST AMENDED ANSWER AND COUNTERCLAIM** |
| v. | |
| SEGONE, Inc., a Delaware corporation, | |
| Defendant. | |
| SEGONE, Inc., a Delaware corporation, | |
| Counterclaimant, | |
| v. | |
| LA FITNESS INTERNATIONAL, LLC, a California limited liability company, | |
| Counterdefendant. | |

Mitchell
Silberberg &
Knupp LLP
0998854.2

FIRST AMENDED ANSWER AND COUNTERCLAIM

Defendant segOne, Inc. ("Defendant"), for itself and no other defendant, answering the First Amended Complaint of plaintiff LA Fitness International, LLC ("Plaintiff"), denies, admits, and avers as follows:

## JURISDICTION AND VENUE

1. Defendant states that Paragraph 1 of the First Amended Complaint consists entirely of legal conclusions to which no answer is required, except admits that it removed this case from Superior Court for the County of Orange, pursuant to 28 U.S.C. § 1441.

2. Defendant states that Paragraph 2 of the First Amended Complaint consists entirely of legal conclusions to which no answer is required, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the factual allegations relating to LA Fitness and denies the factual allegation that its principal place of business is in the State of New Jersey.

3. Defendant states that Paragraph 3 of the First Amended Complaint consists entirely of legal conclusions to which no answer is required, except admits that the value of the contract at issue is in excess of $75,000.

## NATURE OF ACTION AND RELIEF SOUGHT

4. Defendant denies the allegations in Paragraph 4 of the First Amended Complaint except admits that Plaintiff and Defendant entered into a valid, written contract on or about February 1, 2006 (the "Contract") and refers to that document for its contents.

5. Defendant denies the allegations in Paragraph 5 of the First Amended Complaint except admits that Plaintiff and Defendant agreed to and entered into the Contract and refers to that document for its contents.

6. Defendant denies the allegations in Paragraph 6 of the First Amended Complaint.

7. Defendant denies the allegations in Paragraph 7 of the First Amended Complaint, except states that it lacks knowledge or information sufficient to form a

belief as to the truth of the allegations relating to Plaintiff's communications with non-party DirecTV. Defendant admits that certain documents are attached to the First Amended Complaint and refers to those documents for their contents.

8. Defendant denies the allegations in Paragraph 8 of the First Amended Complaint, except admits that it has not granted Plaintiff leave to breach its valid, written Contract with Defendant.

9. Defendant states that Paragraph 9 of the First Amended Complaint is a demand for relief to which no answer is required, but to the extent such answer is necessary, Defendant denies the allegations in Paragraph 9 of the First Amended Complaint.

## THE PARTIES

10. Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the First Amended Complaint, and on that basis denies said allegations.

11. Defendant denies the allegations in Paragraph 11 of the First Amended Complaint, except admits that Defendant is a company organized under the laws of the State of Delaware and that its business includes the sale of advertising. Without limiting the foregoing denial, Defendant states that its principal place of business in the State of Florida, not New Jersey as alleged.

## GENERAL ALLEGATIONS

12. Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the First Amended Complaint, and on that basis denies said allegations. Defendant admits that a document is attached to the First Amended Complaint as Exhibit B and refers to that document for its contents.

13. Defendant denies the allegations in Paragraph 13 of the First Amended Complaint except admits that Plaintiff and Defendant agreed to and entered into the Contract and refers to that document for its contents.

14. Defendant denies the allegations in Paragraph 14 of the First Amended Complaint except admits that Plaintiff and Defendant agreed to and entered into the Contract that contained certain express warranties *not* including any warranty similar to that alleged, and refers to that document for its contents.

15. Defendant denies the allegations in Paragraph 15 of the First Amended Complaint except admits that Plaintiff and Defendant agreed to and entered into the Contract on or about February 1, 2006 and refers to that document for its contents.

16. Defendant denies the allegations in Paragraph 16 of the First Amended Complaint, except states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to Plaintiff's discussions with DirecTV, and on that basis denies said allegations. To the extent such allegations refer to documents attached to the First Amended Complaint, Defendant refers to such documents for their contents.

17. Defendant denies the allegations in Paragraph 17 of the First Amended Complaint.

18. Defendant denies the allegations in Paragraph 18 of the First Amended Complaint, except admits that, in breach of Plaintiff's contractual obligations, Plaintiff has refused to allow the installation of Defendant's equipment in its facilities and Defendant has not agreed to waive or excuse such breach. Defendant further states that it lacks knowledge or information sufficient to form a belief as to the allegations in the last sentence of Paragraph 18 of the First Amended Complaint, and on that basis denies said allegations.

19. Defendant denies the allegations in Paragraph 19 of the First Amended Complaint, except admits that it has not agreed to waive or excuse Plaintiff's admitted breach of the Contract and takes legal action thereon by its counterclaims herein.

## FIRST CAUSE OF ACTION

(For Declaratory Relief)

20.     Defendant repeats its responses to the allegations in Paragraphs 1 through 19 of the First Amended Complaint as if fully set forth herein.

21.     Defendant denies the allegations in Paragraph 21 of the First Amended Complaint.

22.     Defendant denies the allegations in Paragraph 22 of the First Amended Complaint.

23.     Defendant denies the allegations in Paragraph 23 of the First Amended Complaint.

24.     Defendant states that Paragraph 24 of the First Amended Complaint consists entirely of legal conclusions to which no answer is required. To the extent that a response is required, Defendant denies the allegations, except admits that Plaintiff's breach of the contract has created a real case or controversy.

25.     Defendant denies the allegations in Paragraph 25 of the First Amended Complaint, except admits that Plaintiff seeks a declaration from this Court of Plaintiff's and Defendant's respective rights and duties under the Contract.

26.     Defendant denies the allegations in Paragraph 26 of the First Amended Complaint.

## SECOND CAUSE OF ACTION

(For Breach of Warranty)

27.     Defendant repeats its responses to the allegations in Paragraphs 1 through 19 of the First Amended Complaint as if fully set forth herein.

28.     Defendant denies the allegations in Paragraph 28 of the First Amended Complaint and refers to the document at issue for its contents.

29.     Defendant denies the allegations in Paragraph 29 of the First Amended Complaint.

30. Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 30 of the First Amended Complaint, and on that basis denies said allegations and further denies all other allegations in Paragraph 30 of the First Amended Complaint.

## THIRD CAUSE OF ACTION

(For Recission)

31. Defendant repeats its responses to the allegations in Paragraphs 1 through 19 of the First Amended Complaint as if fully set forth herein.

32. Defendant denies the allegations in Paragraph 32 of the First Amended Complaint.

33. Defendant denies the allegations in Paragraph 33 of the First Amended Complaint.

34. Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34 of the First Amended Complaint, and on that basis denies said allegations.

## FOURTH CAUSE OF ACTION

(For Negligent Misrepresentation)

35. Defendant repeats its responses to the allegations in Paragraphs 1 through 19 of the First Amended Complaint as if fully set forth herein.

36. Defendant denies the allegations in Paragraph 36 of the First Amended Complaint.

37. Defendant denies the allegations in Paragraph 37 of the First Amended Complaint.

38. Defendant denies the allegations in Paragraph 38 of the First Amended Complaint.

39. Defendant denies the allegations in Paragraph 39 of the First Amended Complaint.

40. Defendant denies the allegations in Paragraph 40 of the First Amended Complaint.

41. Defendant denies the allegations in Paragraph 41 of the First Amended Complaint.

## PRAYER FOR DAMAGES

Defendant denies that Plaintiff is entitled to any of the relief sought by the Complaint.

In addition to the foregoing, Defendant hereby denies each and every allegation in the Complaint not otherwise addressed herein. In further answer to the Complaint, and as and for separate affirmative defenses, Defendant avers:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's or its agent's own breach or breaches of agreement, or otherwise by Plaintiff's own conduct.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is barred from any recovery by its own inequitable conduct and unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff is a sophisticated business entity that undertook substantial due diligence before entering into the Contract, including hiring professionals to investigate the issues herein. To the extent it has been harmed by entering into the

Contract, such harm arises from the negligence of its own advisors and not from any act of Defendant.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to claim that its own use of Defendant's technology or its own valid Contract violates the intellectual property or other rights of DirecTV, television broadcasters or any other party referred to in the First Amended Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert, *inter alia* in Paragraph 17 of the First Amended Complaint, the exclusive rights of unrelated parties under the Copyright Law.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims of negligent misrepresentation and fraudulent inducement, to the extent such are made or intended to be made, are pled with insufficient particularity under the standards of Fed. R. Civ. P. 9(b).

### NINTH AFFIRMATIVE DEFENSE

To the extent Plaintiff is entitled to any relief sought in the Complaint, which Defendant disputes, any damages to which Plaintiff is entitled, if any, must be set-off against and/or reduced by the amount of damage Plaintiff has caused Defendant as a result of Plaintiff's wrongful conduct as explained herein and as alleged in the Counterclaim.

**AND AS FOR ITS COUNTERCLAIM**, segOne avers as to those facts on which it has direct knowledge, and on information and belief with respect to those facts and information that are not within segOne's possession, custody, or control, as follows:

## Parties

1. Defendant and Counterclaimant segOne, Inc. ("segOne") is a Delaware corporation with its principal place of business in the State of Florida.

2. SegOne is informed and believes that plaintiff and Counterclaim Defendant LA Fitness International, Inc. ("LA Fitness") is a limited liability company organized under the laws of the State of California, with its principal place of business in the County of Orange, State of California.

## The Contract

3. SegOne designs and distributes units (the "segOne Units") that attach to a television and, using a proprietary technology created by segOne, electronically sense commercial breaks in the program stream. Upon sensing a commercial break, the units switch inputs away from the incoming signal and play content stored on the unit for a short time, then switch inputs back to the original signal.

4. Using this technology, segOne is able to play content supplied either by segOne or a segOne customer during some minutes that would otherwise be taken up by commercials provided by the signal provider (such as a satellite company or cable provider).

5. The segOne technology does not copy the incoming signal; it does not record the incoming signal; it does not store the signal and it does not modify the signal in any way. The segOne technology also does not insert content into the signal provided by the signal provider, it only monitors that signal and, at certain points, switches away from it.

6. The technology thus simply automates the process, familiar to any television viewer, of switching to a DVD player from a television program and then switching back.

7. Part of segOne's business includes placing the segOne Units at third party locations in exchange for payment to the third party, essentially renting the

1  space on those third parties' screens for content provided by segOne. Another part
2  of segOne's business includes renting the units to third parties directly.
3      8.   On or about February 1, 2006, LA Fitness entered into a contract with
4  segOne (the "Contract"), whereby, in relevant part, LA Fitness covenanted to
5  permit segOne to install segOne Units on all televisions at its 140 health clubs (the
6  "Designated Locations"), and segOne covenanted to pay LA Fitness an installation
7  fee of $1,000, as well as a monthly fee of $1,000, for each of the Designated
8  Locations. A copy of the Contract is attached hereto as Exhibit A.
9      9.   Installation of the Units was to begin immediately upon contract
10 execution and segOne was committed to begin paying a reduced fixed monthly fee
11 on or about August 31, 2006.
12     10.  LA Fitness is a sophisticated business entity and was represented by
13 counsel in negotiating and entering into the Contract.
14     11.  LA Fitness also performed substantial due diligence relating to the
15 Contract.
16     12.  For example, LA Fitness requested, and segOne granted to LA
17 Fitness, extensions of time prior to the execution of the Contract to permit LA
18 Fitness in-house attorneys, as well outside counsel engaged solely for this purpose,
19 to evaluate and review the Contract.
20     13.  Upon execution of the Contract, segOne paid an advance fee to LA
21 Fitness in the amount of $106,000, which LA Fitness accepted.
22     14.  Upon information and belief, LA Fitness subsequently determined
23 that the Contract it had validly entered was not in its best business interests, or
24 otherwise became unsatisfied with the business deal it had negotiated.
25     15.  Upon information and belief, LA Fitness engaged outside counsel to
26 attempt to find some legal basis under which it could repudiate its contract and
27 renegotiate its business deal with segOne. LA Fitness learned from outside counsel
28 that no such legal basis was available.

16. Upon information and belief, LA Fitness then enlisted the aid of its satellite provider to attempt to escape its obligations under the Contract and gain an opportunity to renegotiate its business deal with segOne. By taking the position that its obligations to segOne conflict with its contract with its satellite provider, LA Fitness apparently hopes to escape from the Contract.

17. Even if this were the case, which it is not, LA Fitness would not have the right to favor its obligations to one contracting party over another. If any conflict exists between the agreement LA Fitness has made with segOne and that it has made with it its satellite provider, those conflicts are for LA Fitness to resolve; they are not the basis for a breach of LA Fitness' obligations to segOne.

18. Nonetheless, notwithstanding its admission (in the Complaint) that the Contract was validly entered into and executed by the parties, and in violation of its contractual obligations, LA Fitness has informed segOne that it will not permit segOne to install the segOne Units at any of the Designated Locations. It has thus breached the Contract.

### FIRST CAUSE OF ACTION

(Breach of Contract)

19. SegOne repeats and realleges the allegations contained in Paragraphs 1 through 17 as if fully set forth herein.

20. Under the Contract, LA Fitness is obligated to permit segOne to install segOne Units at each of the Designated Locations and to carry segOne provided content at those locations.

21. LA Fitness has breached the Contract by (i) refusing to permit segOne to install segOne Units at the Locations (which installation would have to have begun several months ago to meet the targets in the Contract); (ii) stating that it does not intend ever to permit such installation; and (iii) filing an action seeking a declaratory judgment from this Court that LA Fitness need not perform its contractual obligations.

22. In reasonable reliance on the agreement set out in the Contract, segOne has incurred substantial out-of-pocket costs, including but not limited to: (i) the hiring of sales staff to sell advertising to be carried on the segOne Units placed in the LA Fitness locations; (ii) the fabrication of segOne Units for placement in the LA Fitness locations, and costs associated with such additional production; (iii) the $106,000 advance fee; and (iv) other costs associated with "ramping up" the business to service the LA Fitness account and securing advertisers for the LA Fitness Units.

23. LA Fitness's breach of contract has caused the loss of all of those costs, and will in additional proximately cause segOne far more substantial damages, in an amount to be determined at trial but believed in excess of $4,000,000, in the form of lost advertising revenues, rental and other revenues.

## SECOND CAUSE OF ACTION

(Breach of Implied Covenant of Good Faith and Fair Dealing)

24. SegOne repeats and realleges the allegations contained in Paragraphs 1 through 22 as if fully set forth herein.

25. The Contract contains implied obligations of good faith and fair dealing on the part of LA Fitness.

26. LA Fitness failed to deal fairly and in good faith with SegOne by, among other things, misleading segOne with respect to the representations and warranties made in the Contract that LA Fitness would comply with the terms of the Contract, and by depriving segOne of the benefits of the Contract, including, but not limited to, the $106,000, which segOne advanced to LA Fitness under the Contract, the other costs incurred by segOne in "ramping up" the business, and the anticipated revenue which would have been generated as a result of the Contract.

27. As a direct and proximate result of LA Fitness's acts and conduct, segOne sustained damages in an amount that has not yet been ascertained, but that

segOne is informed and believes, and on that basis avers that is not less than the $106,000 SegOne advanced to segOne under the Contract.

28.  segOne is informed and believes and, on that basis, allege that LA Fitness acted with oppression, fraud, and malice and intended to cause injury to segOne with full knowledge of the wrongfulness of its conduct. LA Fitness's conduct was carried on with a willful disregard of segOne's rights and subjected segOne to unjust hardship.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant and Counterclaimant segOne prays for a judgment against plaintiff Counterdefendant LA Fitness as follows:

1. For a declaration that the Contract is valid and enforceable;
2. For damages in an amount to be determined at trial but in, but believed to be not less than $4,000,000;
3. For costs of suit incurred herein, including attorneys' fees; and
4. For such other and further relief as the Court may deem just and proper.

DATED: June 9, 2006

CHRISTOPHER B. LEONARD
NICOLE L. HARRIS
MITCHELL SILBERBERG & KNUPP LLP

By: _____
Nicole L. Harris
Attorneys for Defendant segOne, Inc.

*Of Counsel*:

STEPHEN M. KRAMARSKY *(pro hac vice)*
DEWEY PEGNO & KRAMARSKY LLP

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Mitchell Silberberg & Knupp LLP, 11377 West Olympic Boulevard, Los Angeles, California 90064-1683.

On June 9, 2006, I served a copy of the foregoing document(s) described as **FIRST AMENDED ANSWER AND COUNTERCLAIM** on the interested parties in this action at their last known address as set forth below by taking the action described below:

| | |
|---|---|
| Marcus S. Quintanilla, Esq.<br>Andrew H. Hall, Esq.<br>O'Melveny & Myers LLP<br>610 Newport Center Drive, 17th Floor<br>Newport Beach, CA 92660<br>Fax: (949) 823-6994 | Robert M. Schwartz, Esq.<br>O'Melveny & Myers LLP<br>1999 Avenue of the Stars, 7th Floor<br>Los Angeles, CA 90067<br>Fax: (310) 246-6779 |

☒ **BY MAIL:** I placed the above-mentioned document(s) in sealed envelope(s) addressed as set forth above, and deposited each envelope in the mail at Los Angeles, California. Each envelope was mailed with postage thereon fully prepaid.

☐ **BY OVERNIGHT MAIL:** I placed the above-mentioned document(s) in sealed envelope(s) designated by the carrier, with delivery fees provided for, and addressed as set forth above, and deposited the above-described document(s) with      in the ordinary course of business, by depositing the document(s) in a facility regularly maintained by the carrier or delivering the document(s) to an authorized driver for the carrier.

☐ **BY PERSONAL DELIVERY:** I placed the above-mentioned document(s) in sealed envelope(s), and caused personal delivery by      of the document(s) listed above to the person(s) at the address(es) set forth above.

☐ **BY ELECTRONIC MAIL:** I served the above-mentioned document electronically at __:__ __.m. on the parties listed at the email addresses above and, to the best of my knowledge, the transmission was complete and without error in that I did not receive an electronic notification to the contrary.

☒ **BY FAX:** I sent a copy of the above-described document(s) to each of the individuals set forth above at the facsimile numbers listed above. The transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on June 9, 2006, at Los Angeles, California.

_____
Maureen Costa

1