IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

SEGONE, INC.,

        Plaintiff,

v.

FOX BROADCASTING COMPANY,

        Defendant.

Civil Action No. 3:07cv342-JRS

DECLARATION OF STEPHEN LEE CONKLING

I, Stephen Lee Conkling, declare and state as follows:

1.   I am currently the General Manager of Sustainable Solutions at TyraTech, Inc. Until May 2007, I was Chief Executive Officer of segOne, Inc. I held that position starting February, 2003. Prior to that, I held the position of Chief Financial Officer at segOne. I began in that position in February, 2001. I have personal knowledge of the facts set forth in this declaration. Additionally, I have reviewed Fox's Memorandum in Support of its Motion to Dismiss for Lack of Subject Matter Jurisdiction (referred to hereinafter as "Fox Memorandum").

2.   I was CEO of segOne, Inc. during the litigation in *ABC et al. v. Flying J Inc.*, filed in April 2006 in the Southern District of New York. As CEO, I understood that the outcome of the *ABC v. Flying J* litigation was important to segOne. I also understood that segOne had contractual obligations to indemnify Flying J, our customer, for liability arising from the *ABC v. Flying J* litigation. Nonetheless, neither I nor anyone else employed by segOne controlled or made decisions dictating Flying J's legal

strategies in the *ABC v. Flying J* litigation. All decisions in that litigation were made by Flying J inside counsel, in consultation with their outside counsel, Mr. Christopher Sprigman. To the extent that Fox's statement in its Memorandum alleging segOne's "significant involvement" suggests that segOne, rather than Flying J, controlled the *ABC v. Flying J* litigation, it is false. *See* Fox Memorandum at 6.

3. Also false is Fox's allegation that segOne "selected" counsel to defend Flying J. *See* Fox Memorandum at 5. Flying J hired counsel, Mr. Christopher Sprigman, who had also represented segOne. The decision to hire Mr. Sprigman was made by Flying J, not by segOne.

4. I wish also to provide the Court with a few facts about segOne's business relationships. Pursuant to segOne's contract with Flying J, segOne leased to Flying J a number of segOne Devices for installation in Flying J's truckstops. Flying J sourced the advertising materials to be used in conjunction with the segOne Devices. segOne maintained ownership at all times of the segOne Devices.

5. Pursuant to segOne's contract with L.A. Fitness, segOne leased to L.A. Fitness a number of segOne Devices for installation in L.A. Fitness facilities. segOne sourced the advertising materials to be used in conjunction with the segOne Devices. segOne maintained ownership at all times of the segOne Devices.

6. As I have stated above, segOne's contract with Flying J obligated segOne to indemnify Flying J for liability arising from its use of the segOne Device. segOne made the same indemnification undertaking in its contract with L.A. Fitness. Further, segOne expected that it would be obliged to indemnify most if not all customers deploying the segOne Device.

I declare this 6th day of August, 2007, under penalty of perjury under the laws of the United States, that the foregoing is true and correct to the best of my recollection.

*Stephen L. Conkling*
Stephen Lee Conkling