IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| **SEGONE, INC.,** <br>                    **Plaintiff,** <br><br> **v.** <br><br> **FOX BROADCASTING COMPANY,** <br><br>                    **Defendant.** | **Civil Action No. 3:07cv342-JRS** |

**JOINT RULE 26(F) REPORT AND SEPARATE PROPOSALS FOR DISCOVERY**

Christopher Sprigman
(admitted *pro hac vice*)
CHRISTOPHER SPRIGMAN PLLC
University of Virginia School of Law
580 Massie Road
Charlottesville, Virginia  22903-1789
Telephone:  (434) 924-6331
Facsimile:   (434) 924-7536
Email: sprigman@virginia.edu

James Gibson (Va. Bar No. 41469)
JAMES GIBSON PLLC
University of Virginia School of Law
580 Massie Road
Charlottesville, Virginia  22903-1789
Telephone:  (434) 924-6454
Facsimile:   (434) 924-7536
Email: jgibson@richmond.edu

*Attorneys for Plaintiff*

Robert M. Tyler (Va. Bar No. 37861)
rtyler@mcguirewoods.com
MCGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, VA  23219-4030
Telephone:  (804) 775-7695
Facsimile:   (804) 698-2197

Paul B. Gaffney (admitted *pro hac vice*)
pgaffney@wc.com
Jessamyn S. Berniker (admitted *pro hac vice*)
jberniker@wc.com
WILLIAMS & CONNOLLY LLP
725 12th Street, NW
Washington, DC 20005
Telephone:  (202) 434-5000
Facsimile:   (202) 434-5029

*Attorneys for Defendant*

On August 21, 2007, counsel for the parties in this action met to discuss the matters set forth in Fed. R. Civ. P. 26(f). Based on that discussion, undersigned counsel submit the following report regarding discovery.

## PROPOSAL OF PLAINTIFF SEGONE, INC.

In its Complaint in this matter, plaintiff segOne, Inc. contends that use of the segOne Device, in conjunction with Fox programming, does not result in copyright infringement under the federal Copyright Act, 17 U.S.C. 101 *et seq*. This Court's adjudication of segOne's request for declaratory relief does not require substantial factual development and inquiry. Rather, segOne's claim is based on the design of the Device and on 17 U.S.C. § 106. segOne's request for declaratory judgment, in short, presents issues of law that may be resolved by this Court primarily on the basis of legal argument and with limited and focused discovery.

Based on the foregoing, plaintiff segOne, Inc. submits that discovery in this case will focus narrowly on whatever fact issues defendant Fox may choose to raise regarding the design and function of the segOne Device. Plaintiff segOne further submits that this narrow discovery need not and should not commence until defendant Fox files an answer to segOne's Complaint.[1] Commencing discovery any earlier risks substantial prejudice to plaintiff segOne, in that until Fox answers segOne's Complaint, segOne is in no position to understand what defenses to segOne's claims, or what counterclaims, Fox may raise. As a result, segOne is in no position prior to Fox's filing an answer to segOne's Complaint to understand what discovery it may need, or, indeed, what discovery is appropriately requested by Fox.

---

[1] Fox will file its answer following this Court's resolution of Fox's pending jurisdictional motion, if that motion is resolved in favor of segOne. If the motion is resolved in Fox's favor and the case is dismissed, then no discovery will be needed at all (which is further reason to stay discovery until resolution of the motion and filing of Fox's answer).

Commencing discovery prior to Fox's answer also risks wasting the Court's and parties' resources. This is so because whether a particular discovery request is appropriate or not depends on the scope of the claims and defenses in the case as defined by *completed pleadings*. *See* Fed. R. Civ. P. 26(b) (scope of permissible discovery limited to matters relevant to the parties' "claim[s] or defense[s]"). As of now, the only document defining the scope of this case is segOne's Complaint. We do not yet know what Fox's defenses will be. We do not yet know whether Fox will press counterclaims, against which segOne must interpose defenses. As a result, neither the parties nor this Court are presently able to make final determinations as to whether a particular discovery request is calculated to obtain evidence relevant to this case. The result, if discovery were to commence in advance of Fox's answer, would be unnecessary and duplicative discovery requests leading to similarly unnecessary and duplicative discovery *disputes*. Most, if not all, of the resulting wastage of valuable judicial and party resources can be avoided simply by delaying discovery until Fox answers segOne's Complaint.

Finally, a decision to delay discovery until Fox answers segOne's Complaint will not delay the disposition of this case. First, the parties agree that initial disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure can proceed immediately. Additionally, segOne submits that the parties can proceed on an accelerated discovery schedule once Fox's answer is filed. Toward that end, this Court should require the parties to file – or, in Fox's case, to re-file – discovery requests within 5 days following the filing of Fox's answer. segOne further submits that this Court should require the parties to submit any objections to discovery requests within 5 days of the filing of such request. Finally, segOne submits that this Court should require the parties to submit motions to compel and/or quash discovery within 7 days of the filing of

objections, and that briefing on any discovery motions should follow the normal expedited schedule established in this Court's Local Rules.

### **PROPOSAL OF DEFENDANT FOX BROADCASTING COMPANY**

Defendant Fox Broadcasting Company ("Fox") has filed a motion to dismiss this declaratory judgment action under Fed. R. Civ. P. 12(b)(1), or alternatively, for discretionary dismissal under the Declaratory Judgment Act, 28 U.S.C. § 2201. Inasmuch as its motion challenges subject matter jurisdiction, Fox agrees with segOne that discovery should be stayed pending resolution of that motion.[2]

If the pending motion is denied, however, Fox and segOne have a disagreement concerning the scope of the discovery that would follow. In its section of this Report, SegOne describes its claim as "contend[ing] that use of the segOne Device, in conjunction with Fox programming, does not result in copyright infringement under the federal Copyright Act, 17 U.S.C. 101 *et seq*." It then states that the only area of possible disagreement, and therefore justifiable discovery, concerns "the design and function of the segOne Device." Fox does not agree. If the case proceeds, Fox's discovery will be directed *inter alia* to the intended and actual uses to which the segOne device was put by Flying J, LA Fitness and others—not just to the mechanical or electronic workings of the device. By way of example, in the *Flying J* litigation referenced in the Complaint and the parties' briefs—where Judge Batts of the Southern District of New York found that a cause of action for copyright infringement existed against a segOne customer—the factual focus was not on the inner workings of the device but the manner that Flying J was using it.

---

[2] Recognizing, however, that the practice of this Court is to decline discovery stays and set cases for resolution on a fast schedule, Fox has already served segOne with interrogatories and requests for production and has served subpoenas *duces tecum* on the two segOne customers referenced in the Complaint, Flying J and LA Fitness.

Fox agrees with segOne that, in the event the case is not dismissed, it is amenable to resolution on summary judgment. Fox anticipates that discovery relevant to such a motion can be completed within three months.

Respectfully submitted,

segOne, Inc.

By:    /s/

| | |
|---|---|
| Christopher Sprigman | James Gibson |
| Admitted *pro hac vice* | Virginia Bar No. 41469 |
| Attorney for segOne, Inc. | Attorney for segOne, Inc. |
| CHRISTOPHER SPRIGMAN PLLC | JAMES GIBSON PLLC |
| University of Virginia School of Law | University of Virginia School of Law |
| 580 Massie Road | 580 Massie Road |
| Charlottesville, Virginia 22903-1789 | Charlottesville, Virginia 22903-1789 |
| (434) 924-6331 phone | (434) 924-6454 phone |
| (434) 924-7536 fax | (434) 924-7536 fax |
| sprigman@virginia.edu | jgibson@richmond.edu |

Fox Broadcasting Company

By:    /s/

| | |
|---|---|
| Paul B. Gaffney | Robert M. Tyler (VSB No. 37861) |
| pgaffney@wc.com | rtyler@mcguirewoods.com |
| Jessamyn S. Berniker | MCGUIREWOODS LLP |
| jberniker@wc.com | One James Center |
| WILLIAMS & CONNOLLY LLP | 901 East Cary Street |
| 725 12th Street, NW | Richmond, VA 23219-4030 |
| Washington, DC 20005 | Telephone: (804) 775-7695 |
| Telephone: (202) 434-5000 | Facsimile: (804) 698-2197 |
| Facsimile: (202) 434-5029 | |

Dated: Sept. 4, 2007