IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

|  |  |
|---|---|
| SEGONE, INC.,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>FOX BROADCASTING COMPANY,<br><br>　　　　　　Defendant. | Civil Action No. 3:07cv342-JRS |

PLAINTIFF'S MEMORANDUM OF LAW

IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Christopher Sprigman
(admitted *pro hac vice*)
CHRISTOPHER SPRIGMAN PLLC
University of Virginia School of Law
580 Massie Road
Charlottesville, Virginia  22903-1789
(434) 924-6331 phone
(434) 924-7536 fax
sprigman@virginia.edu

James Gibson
(Va. Bar No. 41469)
JAMES GIBSON PLLC
University of Virginia School of Law
580 Massie Road
Charlottesville, Virginia  22903-1789
(434) 924-6454 phone
(434) 924-7536 fax
jgibson@richmond.edu

*Attorneys for Plaintiff*

TABLE OF CONTENTS

*Page*

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................................... ii

INTRODUCTION ...........................................................................................................................1

LISTING OF UNDISPUTED FACTS ............................................................................................1

ARGUMENT ...................................................................................................................................2

I.     USE OF THE SEGONE DEVICE DOES NOT AND CANNOT INFRINGE
    FOX'S COPYRIGHTS. ......................................................................................................2

        A. The segOne Device Does Not and Cannot Be Used To Infringe Section 106(1)'s
            Right To Reproduce. ................................................................................................5

        B. The segOne Device Does Not and Cannot Be Used To Infringe Section 106(3)'s
            Right to Distribute ...................................................................................................5

        C. The segOne Device Does Not and Cannot Be Used To Infringe Section 106(2)'s
            Right to Pepare a Derivative Work. ........................................................................6

        D. The segOne Device Does Not and Cannot Be Used To Infringe Section 106(4)-(6)'s
            Rights To Publicly Perform and Publicly Display .................................................7

CONCLUSION ................................................................................................................................9

# TABLE OF AUTHORITIES

*Cases*                                                                                                          *Page(s)*

*1-800-Contacts, Inc. v. WhenU.com, Inc.*,
   309 F. Supp. 2d 467 (S.D.N.Y. 2003),
   *rev'd on other grounds*, 414 F.3d 400 (2d Cir. 2005)..............................................................6

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242, 252 (1986)..........................................................................................................2

*ABC, Inc. v. Flying J. Inc.*,
   No. 06 Civ. 2967, U.S. Dist. LEXIS 13252 (S.D.N.Y. Feb 22, 2007). ....................................8

*CoStar Group, Inc. v. LoopNet, Inc.*,
   373 F.3d 544 (4th Cir. 2004) ....................................................................................................5

*Fonovisa, Inc. v. Cherry Auction, Inc.*,
   76 F.3d 259 (9th Cir. 1996) ......................................................................................................4

*Fortnightly Corp. v. United Artists Television, Inc.*,
   392 U.S. 390 (1969)..................................................................................................................3

*Hotaling v. Church of Christ of Latter-Day Saints*,
   118 F.3d 199 (4th Cir. 1997) ....................................................................................................5

*Klopman v. Zurich Am. Ins. Co. of Ill.*,
   — F.3d —, No. 05-1773, 2007 WL 1381599 (4th Cir. May 9, 2007)......................................2

*Nat'l Car Rental Sys., Inc. v. Computer Assoc. Int'l, Inc.*,
   991 F.2d 426 (8th Cir.), *cert. denied*, 510 U.S. 861 (1993)......................................................6

*Sony Corp. v. Universal City Studios, Inc.*,
   464 U.S. 417 (1984)...............................................................................................................2, 4

*U-Haul Int'l, Inc. v. WhenU.com, Inc.*,
   279 F. Supp. 2d 723 (E.D. Va. 2003) .......................................................................................6

*Statutes & Other Authorities*

17 U.S.C. § 101............................................................................................................... passim

17 U.S.C. § 106.......................................................................................................................2, 3

17 U.S.C. § 106(1) ...................................................................................................................3, 5

17 U.S.C. § 106(2) ...........................................................................................................3, 6

17 U.S.C. § 106(3) ...........................................................................................................3, 5

17 U.S.C. § 106(4) ...........................................................................................................3, 7

17 U.S.C. § 106(5) ...........................................................................................................3, 7

17 U.S.C. § 106(6) ...........................................................................................................3, 7

17 U.S.C. § 110(5)(A).........................................................................................................8

H.R. REP. NO. 94-1476 (1976)............................................................................................5

Plaintiff's Memorandum in Support of Summary Judgment
iii

## INTRODUCTION

In its Complaint, plaintiff segOne asked this Court for a judgment declaring that use of the segOne Device, in conjunction with Fox programming, does not result in copyright infringement under the federal Copyright Act, 17 U.S.C. § 101 *et seq.* segOne's request for declaratory relief presents issues that this Court may decide as a matter of law. Accordingly, segOne now moves for summary judgment.

## LISTING OF UNDISPUTED FACTS

1. The operation of the segOne Device is straightforward. The segOne Device is a VCR-sized box which, when attached to a television and to a television signal source (such as an over-the-air antenna, cable box, or satellite receiver), can detect the transition from television program to advertisement. Upon detecting such a transition, the segOne Device causes the attached television to switch to another input for a period of up to two minutes. During that period, the segOne Device essentially "changes the channel"—causing different material, stored within the segOne Device, to display over that input on the attached television. At the end of the period, the segOne Device causes the attached television to switch back to the input carrying the cable, satellite or over-the-air programming. Thus, instead of seeing the commercials playing on the cable, satellite, or over-the-air feed during those two minutes, viewers see advertising material or other alternative content supplied either by segOne or by the particular establishment that has contracted for the use of the segOne Device. *See* Declaration of Greg Wladyka, attached hereto as Exhibit A.

2. The advertising and other materials displayed to the viewers are targeted to the specific interests of viewers in the particular establishment utilizing the segOne Device. The purpose and effect of the segOne Device is to increase the relevance, effectiveness, and, as a

consequence, the value of programming shown to persons viewing television in establishments such as bars, health clubs, car dealerships, etc. In each of these settings, the very presence of the viewer in the establishment provides useful information about his or her interests, and also about the type of advertising and programming likely to be of interest to that viewer.

      3. segOne has distributed and hopes to resume distributing the segOne Device to commercial customers who display television programming on their premises using a television signal provided by a cable television or satellite television distributor. *See* Declaration of Steven Lee Conkling, attached hereto as Exhibit B.

This is the factual setting for segOne's request for declaratory relief. segOne does not believe that these facts are in dispute, or indeed that Fox fairly can dispute them. segOne further submits that its request for declaratory relief can be granted on the basis of the facts set out above.

## ARGUMENT

The standard for summary judgment is the same in a declaratory judgment action as in any other action. "In considering whether summary judgment was properly granted, the standard is 'whether a fair-minded jury could return a verdict for the [non-movant] on the evidence presented.'" *Klopman v. Zurich Am. Ins. Co. of Ill.*, — F.3d —, No. 05-1773, 2007 WL 1381599 (4th Cir. May 9, 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

I. **USE OF THE SEGONE DEVICE DOES NOT AND CANNOT INFRINGE FOX'S COPYRIGHTS.**

The U.S. copyright laws "ha[ve] never accorded the copyright owner complete control over all possible uses of his work." *Sony Corp. v. Universal City Studios, Inc.*, 464 U.S. 417, 432 (1984). Rather, the U.S. copyright laws set out particular exclusive rights granted to copyright owners. *See* 17 U.S.C. § 106 (listing exclusive rights of copyright owners). All uses

of copyrighted works that do not fall within the ambit of the rights explicitly granted under the federal copyright laws are outside the scope of copyright, are not regulated by the copyright law, and are therefore not properly subject to an action alleging copyright infringement. *See Fortnightly Corp. v. United Artists Television, Inc.*, 392 U.S. 390 (1968).

Section 106 of the federal Copyright Act, 17 U.S.C. § 106, is the statutory provision that establishes the exclusive rights of copyright owners. That section secures to copyright owners the "exclusive rights to do and to authorize any of the following:"

> (1) to reproduce the copyrighted work in copies or phonorecords;
>
> (2) to prepare derivative works based upon the copyrighted work;
>
> (3) to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;
>
> (4) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly;
>
> (5) in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and
>
> (6) in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.

17 U.S.C. § 106.

As this memorandum will make clear, the segOne Device does not and cannot trespass upon any of these exclusive rights granted to copyright owners under the copyright law. Indeed, its design renders it physically incapable of violating (or being used to violate) any section 106 right. The Device is incapable of reproducing a copyrighted work under section 106(1). It is incapable of preparing a derivative work under section 106(2). It is incapable of distributing a copyrighted work under section 106(3). And it is incapable of publicly performing or publicly

displaying a copyrighted work under section 106(4)-(6).  As a consequence, use of the segOne Device, in conjunction with Fox's copyrighted programming, does not and cannot infringe Fox's copyrights.

This is not to say that every *user* of the Device is always immune to suit for copyright infringement.  For example, someone using a VCR to make copies of a television program might install the segOne Device between the incoming television signal and the VCR.  The presence of the Device in such a situation, however, would have no effect on the infringement issue: if the VCR user's copying is infringing, it is infringing regardless of whether the segOne Device is also used.  And if the VCR user's copying is not infringing,[1] then the use of the segOne Device would not change that result and make it infringing.  Again, use of the Device is inconsequential to any determination of copyright infringement; its use cannot create any copyright liability where such liability would not otherwise exist, at least in the large-scale commercial context relevant to this case.[2]

Therefore, because every theory of copyright liability—whether direct or secondary[3]—requires some violation of an exclusive right under section 106, and because the segOne Device simply cannot be used to violate any such right, this Court should grant segOne's request for declaratory relief.

---

[1] *See, e.g.*, *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417 (1984) (holding that recording of television programs for later viewing was noninfringing use).

[2] *See infra*, note 6, regarding certain types of small-scale commercial use not at issue here.

[3] All forms of secondary copyright infringement—contributory, vicarious, and inducement—require some underlying direct infringement.  *See, e.g.*, *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259 (9th Cir. 1996).

**A.    *The segOne Device Does Not and Cannot Be Used To Infringe Section 106(1)'s Right To Reproduce.***

Section 106(1) grants a copyright owner the exclusive right "to reproduce the copyrighted work in copies or phonorecords." Therefore, to violate section 106(1), the reproduction must take the form of a "copy" or "phonorecord." Under the Copyright Act, both "copy" and "phonorecord" refer to "material objects . . . in which a work is fixed." 17 U.S.C. § 101. And "fixed" refers to a "physical embodiment" of the work that is "sufficiently permanent or stable to permit it to be perceived, reproduced, or otherwise communicated for a period of more than transitory duration." *Id.*; *accord CoStar Group, Inc. v. LoopNet, Inc.*, 373 F.3d 544, 551 (4th Cir. 2004).

Therefore, use of the segOne Device can violate Fox's section 106(1) right only if the Device makes a physical, permanent, stable copy of Fox programming—a copy that lasts "for a period of more than transitory duration." The Device cannot do so. It makes no physical copy at all, let alone a physical copy that exists for a period of more than transitory duration. The Device merely exhibits one set of images onscreen instead of another. *See* Declaration of Greg Wladyka, attached hereto as Exhibit A. As the legislative history tells us, "the showing of images on a screen or tube would not be a violation of clause (1)." H.R. REP. NO. 94-1476, at 62 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5659, 5675.

**B.    *The segOne Device Does Not and Cannot Be Used To Infringe Section 106(3)'s Right To Distribute.***

Like the reproduction right in section 106(1), the distribution right in section 106(3) applies only when a "copy" or "phonorecord"—a physical, permanent, stable embodiment of a copyrighted work—is involved. *See* 17 U.S.C. § 106(3) ("to distribute copies or phonorecords"); *see also Hotaling v. Church of Christ of Latter-Day Saints*, 118 F.3d 199, 203 (4th Cir. 1997);

*Nat'l Car Rental Sys., Inc. v. Computer Assoc. Int'l, Inc.*, 991 F.2d 426, 430 (8th Cir), *cert. denied*, 510 U.S. 861 (1993). As just demonstrated, the segOne Device cannot create any such copies or phonorecords, and it is therefore equally incapable of being used to distribute copies or phonorecords. As a result, the segOne Device does not cause or contribute to the infringement of Fox's exclusive right to distribute copies or phonorecords of any of its copyrighted works.

### C. *The segOne Device Does Not and Cannot Be Used To Infringe Section 106(2)'s Right To Prepare a Derivative Work.*

A copyright also can be infringed via preparation of an unauthorized derivative work. 17 U.S.C. § 106(2). The federal Copyright Act defines a "derivative work" as follows:

> A "derivative work" is a work based upon one or more preexisting works, such as a translation, musical arrangement, dramatization, fictionalization, motion picture version, sound recording, art reproduction, abridgment, condensation, or any other form in which a work may be recast, transformed, or adapted. A work consisting of editorial revisions, annotations, elaborations, or other modifications, which, as a whole, represent an original work of authorship, is a "derivative work".

*Id.* § 101.

Use of the segOne Device does not and cannot result in the preparation of any derivative work. The Device simply makes one transmission appear onscreen instead of another—the same thing that happens when one changes the channel. It does not "recast, transform[], or adapt[]" any Fox program, *see id.*, or any other copyrighted work; it simply makes such works disappear from the screen for a minute or two. No derivative work—and thus no violation of section 106(2)—can possibly result from use of the Device. *U-Haul Int'l, Inc. v. WhenU.com, Inc.*, 279 F. Supp. 2d 723, 730-31 (E.D. Va. 2003); *see also 1-800-CONTACTS, Inc. v. WhenU.com, Inc.*, 309 F. Supp. 2d 467, 487 (S.D.N.Y. 2003), *rev'd on other grounds*, 414 F.3d 400 (2d Cir. 2005).

**D.     *The segOne Device Does Not and Cannot Be Used To Infringe Section 106(4)-(6)'s Rights To Publicly Perform and Publicly Display.***

A copyright protecting an audiovisual work, such as Fox's programming, may be infringed via the unauthorized public performance of that work. 17 U.S.C. § 106(4).[4] In addition, a copyright protecting an audiovisual work may be infringed via the unauthorized public display of individual images taken from the work. 17 U.S.C. § 106(5). However, the segOne Device does not cause or contribute to the unauthorized public performance or display of any audiovisual work or individual image from an audiovisual work. In other words, use of the segOne Device will have no effect on whether a particular performance or display by a segOne customer is infringing.

The segOne Device clearly does not itself perform or display any Fox program, publicly or otherwise. At most, a signal containing a Fox program originates outside the box and runs through the box to a television. In such an instance, the Device is no different from a simple coaxial cable. The only copyrighted works that the Device itself ever performs or displays are the advertisements and other works stored within the Device. Fox has no copyright in those stored programs.

segOne's market comprises establishments open to the public—bars, health clubs, car dealerships, etc. Such establishments typically contract with a commercial cable or satellite television distributor, such as Comcast, Dish Network, or DirecTV, as follows: the

---

[4] Section 106(6) also contains a public performance right, but it is inapplicable here because it applies only to "sound recordings" performed "by means of a digital audio transmission." 17 U.S.C. § 106(6). The Fox programming at issue consists of audiovisual works, not sound recordings. *See id.* § 101 (definition of "sound recording" does not include "sounds accompanying a motion picture or other audiovisual work"). Furthermore, the segOne Device does not engage in any "digital audio transmission"; it receives an analog signal from a cable or satellite decoder box, and it outputs an analog signal to the attached television. *See* Affidavit of Greg Wladyka, attached hereto as Exhibit A.

establishments pay a fee (which exceeds the fee charged to private homes), and in return they receive not only the cable or satellite transmission, but also a license to show the television programming—including Fox's television programming—on televisions located in business premises open to the public.[5]  This license allows them to engage in a public performance and display of television programming that might otherwise be infringing under section 106(4) and (5).

       The use of the segOne Device has no effect on this relationship.  If a bar, health club, or other commercial establishment has secured the license described above, then its public performance and display of television programming is not infringing—regardless of whether it happens to use the segOne Device.[6]  And if for some reason the bar or health club has *not* secured such a license, then it faces copyright liability for unauthorized public performance and display *regardless of whether* it happens to use the segOne Device.

---

[5] Fox and its fellow media companies give cable and satellite companies the authority to issue these public performance and display licenses on their behalf.

[6] As Fox has repeatedly pointed out, some specific types of unlicensed, small-scale public performances and displays may be permissible under an exception to infringement called the "home-style exemption."  *See* 17 U.S.C. § 110(5)(A).  One court has denied a motion to dismiss on the issue of whether the segOne Device negates that exemption. *ABC, Inc. v. Flying J., Inc.*, No. 06 Civ. 2967, 2007 U.S. Dist. LEXIS 13252 (S.D.N.Y. Feb. 22, 2007).  As segOne has informed this Court, however, that issue is irrelevant to this action, as it applies (if at all) only to those few establishments that (1) have not secured a license, (2) use a single receiving apparatus of a kind commonly used in private homes, (3) perform or display a copyrighted television program, and (4) are open to the public.  Because segOne does not market its Device to such establishments, it is more than willing to accept the assumption most favorable to Fox—i.e., that the exemption does not apply—and it will not argue otherwise herein.

## **CONCLUSION**

We have now examined all of the exclusive rights granted to copyright owners under section 106 of the Copyright Act. Use of the segOne Device transgresses none of them. This is true as a matter of law, based on a discrete set of facts that Fox has not disputed and cannot fairly dispute. Accordingly, plaintiff segOne respectfully asks this Court to grant its request for declaratory relief by issuing an order stating that use of the segOne Device, in conjunction with Fox programming, does not result in copyright infringement under the federal Copyright Act, 17 U.S.C. § 101 *et seq.*

                                  Respectfully submitted,

                                  segOne, Inc.

                                  By:    /s/

| Christopher Sprigman | James Gibson |
|---|---|
| Admitted *pro hac vice* | Virginia Bar No. 41469 |
| Attorney for segOne, Inc. | Attorney for segOne, Inc. |
| CHRISTOPHER SPRIGMAN PLLC | JAMES GIBSON PLLC |
| University of Virginia School of Law | University of Virginia School of Law |
| 580 Massie Road | 580 Massie Road |
| Charlottesville, Virginia 22903-1789 | Charlottesville, Virginia 22903-1789 |
| (434) 924-6331 phone | (434) 924-6454 phone |
| (434) 924-7536 fax | (434) 924-7536 fax |
| sprigman@virginia.edu | jgibson@richmond.edu |

                                  Dated: Sept. 13, 2007