IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| SEGONE, INC., <br><br> Plaintiff, <br><br> v. <br><br> FOX BROADCASTING COMPANY, <br><br> Defendant. | Action No. 3:07–CV–342 |

MEMORANDUM OPINION

This Matter is before the Court on a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket No. 13) by Fox. After considering the parties' briefs and oral arguments, the Court shall GRANT the Motion, for the reasons stated below.

1.

segOne produces a device that monitors the signal received by a television set. When the signal switches from a program to an advertisement, segOne's device causes the television to display content provided by the device, for a period of up to two minutes. At the end of that time, the device switches the television's display back to the content provided by the signal. segOne leases its device to its customers, who use it to display content – typically, other advertising – aimed at the interests of a specific group of viewers (e.g., people exercising at a health club or the patrons of a car dealership). Frequently, those customers collect fees from the providers of the content stored in segOne's device.

1

segOne describes its device as a robotic remote control, a device that neither displays, copies, nor modifies programming. In contrast, Fox – emphasizing the fact that the device is designed to alter a television's display based on the nature of the content provided by its signal – has asserted that using the device constitutes copyright infringement. In 2006, Fox and several other media companies sued one of segOne's customers, Flying J, Inc., which operates a chain of truck stops, alleging that Flying J's use of segOne's device violated the Copyright Act, 17 U.S.C. § 106, by publicly performing copyrighted works without authorization. segOne did not join that suit.

The Southern District of New York denied Flying J's Rule 12(b)(6) motion, ruling that the media companies stated a valid claim for copyright infringement. Am. Broad. Co. v. Flying J, Inc., 2007 WL 583176 (S.D.N.Y. Feb. 22, 2007). The court held that (1) Flying J's contract with the provider of its programming did not authorize Flying J to display the media companies' copyrighted works in conjunction with different advertising, and (2) the "homestyle exemption," which allows commercial establishments to display programming to the public using equipment that is "of a kind commonly used in private homes," 17 U.S.C. § 110(5)(A), did not apply to televisions equipped with segOne's device. Flying J, 2007 WL 583176, slip op. at 5–6, 8. Subsequently, the parties settled the suit, using money provided by segOne's insurer. The settlement required Flying J to stop using segOne's device, and as a result of that suit, segOne stopped distributing the device in the United States.

The day after Flying J settled the media companies' claims, segOne asked this Court to declare that using its device, in conjunction with programming supplied by Fox, does not infringe Fox's copyrights under the Copyright Act. On July 27, 2007, Fox moved to dismiss segOne's suit for lack of subject matter jurisdiction.

2.

A motion to dismiss challenges the legal sufficiency of a claim, not the facts supporting it. Conley v. Gibson, 355 U.S. 41, 45–46 (1957). A court ruling on a motion to dismiss must regard as true all of the factual allegations in the complaint, Erickson v. Pardus, 127 S.Ct. 2197, 2200 (June 4, 2007), and view them in the light most favorable to the plaintiff, Christopher v. Harbury, 536 U.S. 403, 406 (2002). But, the court does not have to accept legal conclusions that are couched as factual allegations. Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964 (May 21, 2007). And, in the context of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of showing that the court has jurisdiction. Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995).

A.

A federal court may issue a declaratory judgment only in a suit that involves an "actual controversy." 28 U.S.C. § 2201(a). Whether a controversy is "actual," rather than hypothetical, is "necessarily [a question] of degree." Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941). To be "actual," a controversy must be "definite and concrete," affecting "the legal relations of parties having adverse legal interests," and capable of being

addressed by "a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." MedImmune, Inc. v. Genentech, Inc., 127 S.Ct. 764, 771 (Jan. 9, 2007) (citing Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240–41 (1937)).  See also Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289, 298 (1979) (ruling that a suit is justiciable only if it presents a dispute that is "definite and concrete, not hypothetical or abstract").

In MedImmune, the Supreme Court held that a licensee of a patent could seek a declaratory judgment regarding the status of the patent without first breaking or terminating its licensing agreement.  127 S.Ct. at 777.  The Court concluded that an actual controversy existed, even though the licensee was paying royalties in accordance with the licensing agreement, because those payments were coerced by the patent owner's threat to enforce the patent, sue for patent infringement, and terminate the licensing agreement, which provided most of the licensee's revenues.  Id. at 768, 774–75.  Even though the licensee's compliance with the licensing agreement rendered the patent owner's threats "remote," id. at 772, the Court ruled that a party that has avoided an imminent threat of injury by virtue of its own conduct may seek declaratory relief from that threat, see id. at 773.

MedImmune illustrates that a federal court evaluating a request for declaratory relief must focus on the conduct of the defendant.  See Sandisk Corp. v. STMicroelecs., Inc., 480 F.3d 1372, 1381 (Fed. Cir. Mar. 26, 2007) (applying MedImmune, ruling that an actual controversy exists if the defendant "takes a position" that forces the plaintiff to choose to abandon a right that it claims or risk action by the defendant).  Fox has not engaged in any

conduct creating an actual controversy, however. Fox has not sued segOne or threatened to do so. Nor has Fox coerced segOne into complying with its demands by threatening to terminate an agreement; in fact, the parties do not have any type of business relationship.

The only act by Fox that might be regarded as creating an actual controversy is its participation in the suit against Flying J, which allegedly forced segOne to stop distributing its device. Treating segOne's allegation as true, the Court cannot find any precedent or rationale compelling it to conclude that the suit – an action against one of segOne's customers – coerced segOne into complying with Fox's demands. Cf. Walker Process Equip., Inc. v. FMC Corp., 356 F.2d 449 (7th Cir. 1966) (ruling that no actual controversy existed in a suit brought against a party that previously sued one of the plaintiff's customers). Flying J settled the claims against it in a way that affected segOne's business; if anything forced segOne to withdraw its product, Flying J's decision was at least partly responsible. That conclusion is supported by the fact that segOne declined to intervene in the suit against Flying J, suggesting that Fox's allegations did not impact segOne's business directly. Ultimately, Fox's suit resulted in a decline in demand for segOne's device, but Fox did not force segOne to comply with any demands in order to eliminate an imminent threat of injury. See MedImmune, 127 S.Ct. at 772–73. MedImmune clarifies the relationship between coercion and controversy, but it does not provide a basis for construing coercion expansively. Regarding Fox's suit against a third party as "coercing" segOne into giving up a right that it claims would unacceptably distend the borders of that concept.

Moreover, segOne asks the Court to decide whether, in general, using its device constitutes copyright infringement, not on the basis of a specific use of its device. While a broad decree in favor of segOne would most effectively quell its customers' alleged fears, a decision in the abstract about the legality of segOne's device is precisely the type of opinion regarding hypothetical facts that 28 U.S.C. § 2201(a), as interpreted by the Supreme Court, forbids. Since this matter does not involve an actual controversy over specific facts, the Court concludes that it may not grant declaratory relief.

B.

A party invoking the jurisdiction of a federal court must allege that it has suffered a "personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Allen v. Wright, 468 U.S. 737, 751 (1984); accord Hein v. Freedom From Religion Found., Inc., 127 S.Ct. 2553, 2562 (June 25, 2007). The plaintiff's injury must have resulted from the challenged conduct of the defendant, not an action by a person that is not a party to the suit. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Thus, a painter lacked standing to challenge the application of a law to a mural after he sold it, since its owner could destroy the mural "at a whim," Burke v. Charleston, 139 F.3d 401, 406–07 (4th Cir. 1998), and a company whose bid for a lease was rejected lacked standing to challenge a regulation governing the bidding, since no evidence suggested that the bidder would receive the lease if the court ruled in its favor, GBA Assocs. v. Gen. Svcs. Admin., 32 F.3d 898, 901 (4th Cir. 1994). And, while the Supreme Court has not prescribed how likely it must be that relief will redress a plaintiff's

injury, see Allen, 468 U.S. at 751, the relief must be significant: for example, a party seeking relief that will provide only psychic satisfaction (e.g., that a law is being enforced faithfully) lacks standing. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 107 (1998).

segOne alleges that Fox's suit against Flying J reduced the demand for segOne's device and forced segOne to stop distributing it. Even if segOne's injuries could be traced to unlawful conduct by Fox, however, the Court lacks the ability to provide redress for those injuries. Eight other media companies were parties to the suit against Flying J, and other copyright holders and programming providers (e.g., satellite dish operators) could also challenge the legality of segOne's device. A declaratory judgment would not protect segOne or its customers from suits for copyright infringement by those entities. Since a declaratory judgment would not ameliorate segOne's worries or its customers' alleged concerns, the Court cannot restore the market for segOne's device. Thus, since the relief that segOne requests would not adequately redress the company's injuries, segOne lacks standing to sue.

C.

Even if this suit involved an actual controversy, satisfying the requirement of Article III of the Constitution, the Court may exercise its jurisdiction only if "declaratory relief is appropriate" – i.e., if doing so would be prudent. See White v. Nat'l Union Fire Ins. Co., 913 F.2d 165, 167 (4th Cir. 1990). Fox argues that segOne could have resolved the issues that it presents to the Court by joining the suit against Flying J in the Southern District of New York. segOne argues that it did not want to interfere in litigation involving its

customer, but the fact that segOne declined to pursue an opportunity to obtain a favorable ruling on an issue of the greatest importance to its business concerns the Court. Coupled with the timing of this suit, which was filed one day after Flying J settled the claims against it (in a way that did not favor segOne), segOne's decision not to intervene strikes the Court as a way to get two chances to litigate its claim, a strategy that the Court wishes to discourage. In addition, the Court is hesitant to issue a ruling that will not resolve this controversy, as discussed above, and might even incite additional litigation in other fora, creating the prospect of inconsistent rulings. Accordingly, the Court declines to exercise any jurisdiction that it may have over this action.

3.

Accordingly, Fox's Motion to Dismiss for Lack of Subject Matter Jurisdiction shall be GRANTED.

/s/
James R. Spencer
Chief United States District Judge

ENTERED this  9th  day of October 2007